## EISINGER v. E. J. MURPHY CO.

(Court of Appeals of District of Columbia. Submitted October 6, 1922. Decided December 4, 1922.)

### No. 3752.

Bills and notes ⬉⟹495—Instrument signed by agent is presumed to be that of disclosed principal.

Under Code D. C. § 1324, providing that, where words are added indicating that the instrument is signed for or on behalf of a principal, or in a representative capacity, the signer is not liable if he was duly authorized, but that the mere addition of words describing him as agent does not exempt him from personal liability, there is a presumption that an acceptance of a draft on an individual described as agent for others is what it purports to be, the obligation of the disclosed principal, and the burden is on the payee of the draft, seeking to hold the acceptor personally liable, to prove his want of authority.

Appeal from the Supreme Court of the District of Columbia.

Action by the E. J. Murphy Company against Walter G. Eisinger. Judgment for plaintiff, and defendant appeals. Affirmed, with costs.

Hayden Johnson and Thomas H. Patterson, both of Washington, D. C., for appellant.

D. W. O'Donoghue and A. A. Alexander, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, plaintiff below, sued defendant Eisinger on his acceptance on the following negotiable instrument:

"Washington, D. C., Feb. 17, 1915.
"Mr. W. G. Eisinger, Agent for Harry Lambros and Louis Kanelopoulos: Kindly pay to the order of E. J. Murphy Company the sum of four hundred and seventeen dollars ($417.00), covering glass and glazing at No. 600 North Capital street and No. 3 F Street N. W.          James F. Blakeney.
"Accepted: W. G. Eisinger."

From a judgment for plaintiff rendered in 1917, the case was appealed to this court (48 App. D. C. 476), where the judgment was reversed and the cause remanded for a new trial. A second trial was had, and from a judgment for plaintiff, defendant appeals.

In the former case plaintiff offered the instrument in evidence, and also proof that defendant Eisinger was the agent of Lambros and Kanelopoulos. The court ruled out the proof of agency, and it was upon that ground that the judgment was reversed. Section 1324, Code D. C., provides as follows:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent or as filling a representative character without disclosing his principal does not exempt him from personal liability."

⬉⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It will be observed that under the statute the instrument creates a presumption of agency which may, be rebutted by competent proof. As we said in the former case:

"Even according to the section of the Code here under consideration, a construction changing the above rule in so far as negotiable instruments are concerned, and permitting an action to be maintained on the instrument itself against the agent acting without authority, there is, nevertheless, a presumption that the instrument is what it purports to be, the obligation of the disclosed principal, and the burden is upon the plaintiff of overcoming this presumption by affirmative proof of the want of authority of the agent."

In the present case proof of lack of authority was offered, and on that issue the jury found for the plaintiff. We find no error, and the judgment must therefore be affirmed.

Affirmed, with costs.