**BUCK et al. v. SIMPSON et al.**

No. 7945—Opinion Filed June 12, 1917.

(166 Pac. 146.)

**1. Process—Service—Jurisdiction.**

In an action to quiet title to lands brought against the unknown heirs of one erroneously supposed to be dead and the unknown heirs of those from whom his right and title to said lands descended and service is attempted to be made under the provisions of section 4729, Rev. Laws 1910, such one is not a party to said action, and the court trying said action acquired no jurisdiction of him by such attempted service.

**2. Judgment—Persons Concluded—Process —Service—Necessity.**

A judgment in an action to quiet title does not affect or impair the rights of one who was not a party to said action, either in person or through his privies, and such judgment binds said person in no degree and constitutes no bar against him.

**3. Indians—Conveyance of Inherited Lands —Approval by County Court—Effect.**

An application having been made under provisions of section 9, Act Cong. May 27, 1908, ch. 199, 35 Stat. 315, to the county court, having jurisdiction of the settlement of the estate of a deceased Choctaw Indian, to approve a deed by a full-blood Choctaw Indian heir of such decedent, which deed purported to grant all the estate of such Indian heir in and to the lands described therein, the county court made findings of fact and made an order approving said deed. Said court in its findings erroneously found that such Indian heir had only a life estate in said lands. In an action by an heir of such Indian heir to recover his interest in the remainder of said lands after the death of said Indian heir, held, that the approval by the county court of said deed gave it validity and effect, and it conveyed to the grantee named therein all the estate of such Indian heir in said lands, and, the action of the county court in approving said deed not being judicial, that the findings made by the court from no part of the order of approval and may be treated as surplusage.

**4. Indians—Allotment—Descent and Distribution.**

An allotment of a deceased member of the Choctaw Tribe, dying without issue, intestate, before statehood, whose father and mother were full-blood members of his tribe, ascends to the father and his heirs and the mother and her heirs; and, the mother of said allotte having died before him, said deceased allottee leaving surviving him, as his sole heirs, his father and a brother, such father and brother succeed to his allotment in equal shares.

(Syllabus by Rummons, C.)

Error from District Court, Grady County; Cham Jones, Judge.

Action by John Simpson and others against Levi Buck and others. Judgment for plaintiffs, and defendants bring error Modified and affirmed.

Bond, Melton & Melton and Riddle & Hammerly, for plaintiffs in error.

J. M. Willis, for defendants in error.

Opinion by RUMMONS, C. The land here in controversy was allotted to Thomas Simpson Ketchum, a son of Isaac Simpson and Margaret Simpson, both full-blood Choctaw Indians. Thomas Simpson Ketchum died about April 10, 1905. His mother was then dead, and he left surviving him as his sole heirs at law his father and one of the plaintiffs, John Simpson, a brother. Isaac Simpson died in October, 1909, leaving surviving him a second wife, Sarah, John Simpson, and two minor children, Lena Simpson and Eastman Simpson. The parties will be hereinafter designated as they appeared in the court below. The plaintiff John Simpson claims title to an undivided one-half interest in said land as an heir of his brother, Thomas Simpson Ketchum, and an undivided one-ninth interest as an heir of his father, Isaac Simpson. The defendants claim title to the land in controversy through a conveyance by Isaac Simpson, duly approved by the county court of Pushmataha county, on the 13th day of August, 1908, and by virtue of a judgment of the superior court of Grady county in an action brought by Levi Buck to quiet title to said lands. The plaintiffs had judgment in the court below for an undivided eleven-eighteenths interest in said lands. From the briefs and oral argument of counsel for the respective parties there are but two questions raised in this case; the first is whether or not the plaintiffs in the instant case are barred by the judgment of the superior court in the action brought by the defendant Buck to quiet title. The second question involved the effect of the deed executed by Isaac Simpson under which defendants claim and whether said deed conveyed the whole right, title and interest in said lands of said Isaac Simpson or only a life estate therein.

The plaintiffs alleged, and still contend, that the judgment of the superior court of Grady county quieting title to said lands in said Buck is void and of no effect as to the plaintiff John Simpson. Said action to quiet title was commenced by Levi Buck against the following defendants: Sarah Roberts, nee Simpson, the unknown heirs of Isaac

Simpson, deceased, and the unknown heirs of Thomas Simpson Ketchum, deceased, the unknown heirs of John Simpson, deceased, and Wm. H. Ketchum and Lena Simpson, a minor, and Silas Cole, her legal guardian. Service was had upon the unknown heirs of Isaac Simpson, deceased, the unknown heirs of John Simpson, deceased, and the unknown heirs of Thomas Simpson Ketchum, deceased, and some of the other defendants by publication. The court below held the judgment in this case to be void as to John Simpson, and it is contended by the defendants that therein the trial court erred.

It is argued by counsel for defendants that, the trial court having jurisdiction of the subject-matter and having adjudged that it had jurisdiction of the parties to the action, such judgment is not void for want of jurisdiction, and cannot be collaterally attacked. Defendants contend that this is a collateral attack upon said judgment, and that said judgment, not being void, is a bar to recovery by plaintiffs in the instant case. We are unable to agree with this contention of the defendants. The defendants in the action of the superior court obtained service under section 4729, Rev. Laws 1910, which is as follows:

"In actions where it shall be necessary to make the heirs or devisees of any deceased person defendants, and it shall appear by the affidavit of the plaintiff, annexed to his petition, that the name of such heirs or devisees, or any of them, and their residences, are unknown to the plaintiff, proceedings may be had against such unknown heirs or devisees, without naming them, In such actions service may be had upon such defendants by publication, and the notice shall be published as in other cases of service by publication."

At the time of the institution of said action defendants were laboring under the mistaken belief that the plaintiff John Simpson was dead, and undertook to proceed against his unknown heirs as well as the heirs of Isaac Simpson, his father, and Thomas Simpson Ketchum, his brother. John Simpson was not a party to the action in the superior court in any way. He was not named as a defendant, nor was he included in the description of any of the defendants sought to be served therein as unknown heirs. John Simpson's interest in the land in controversy came to him by inheritance from his brother, Thomas Simpson Ketchum, deceased, through his mother, Maragaret Simpson, and by inheritance from his father, Isaac Simpson. He was in privity of estate with these three, and, if they or any of them had been barred of their estate in these lands before descent cast upon John Simpson, he would have been barred to the same extent as they. But none of his privies were parties to this action to quiet title. The action and judgment ran only against the unknown heirs of three of them and against certain known heirs with whom plaintiff was not in privity.

It is urged by counsel for defendants that, in bringing into court the unknown heirs of Thomas Simpson Ketchum and of Isaac Simpson, the plaintiff was brought into court and cannot now collaterally attack the judgment of the court because of any irregularities therein. This argument is ingenious, but it will not stand the test of an examination of the statute under which the plaintiff sought to get service upon the defendants in the superior court. The section of the statutes above quoted authorizes service by publication upon the heirs of deceased persons whose names and residences are unknown to the plaintiff. The name of John Simpson was not unknown to the plaintiff, nor was it unknown to the plaintiff that he was one of the heirs of Thomas Simpson Ketchum and Isaac Simpson. The fact that John Simpson was not unknown to the plaintiff in that action appears upon the record of the judgment in the superior court. As has been said it was erroneously supposed that John Simpson was dead, and therefore he was not made a party to the case in the superior court, but his unknown heirs were named as defendants. John Simpson or any one to whom he was privy not being a party before the court rendering judgment quieting title to the lands in plaintiff Buck, the judgment of the court could have no binding effect upon him; nor does the fact that the superior court adjudged that it had jurisdiction of the parties to that action render the judgment one against John Simpson, because the court could, not adjudge that it had acquired jurisdiction of one who was not a party to the suit. First State Bank v. Lattimer, 48 Okla. 104, 149 Pac. 1099; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071.

The defendants rely upon the case of Howell v. Garton, 82 Kan. 493, 108 Pac. 844, in support of their contention that the defendant John Simpson is bound by the judgment of the superior court. In that case action to quiet title was commenced by one F. M. Luther against Abbie A. Little, if living, or, if dead, against her unknown heirs. Judgment was rendered in that action quieting title in Luther. Before the commencement of this action Abbie A. Little died intestate, leaving her daughter, Hattie A. Davis, as her sole heir. Hattie A. Davis died also before the commencement of the action, leaving a will devising her property to her husband, James N. Davis. Davis' grantee sued Garton.

grantee of Luther, in ejectment. The court held that he was barred by the judgment in the action to quiet title, holding that the term "unknown heirs" embraces not only the immediate heirs of the deceased, but also the heirs of devisees of such heirs. We are unable to see that this case is at all in point as bearing upon the instant case. That action was brought under the Kansas statute which permitted an action to be maintained against an individual, if living, or against his unknown heirs. In that respect the Kansas statute has been amended since it was adopted by Oklahoma Territory, and we have no similar provision in our statutes authorizing an action against one, if living, or against his unknown heirs. If the defendants had been authorized to bring this action against John Simpson, if living, or his unknown heirs, if dead, and had done so, he might have been barred by the judgment. But a judgment to which he was not a party and which does not run against him or his privies cannot be pleaded as a bar to his rights.

The trial court took the view that the deed from Isaac Simpson conveying Thomas Simpson Ketchum's allotment conveyed only the life estate of Isaac Simpson therein. This deed was a warranty deed purporting to convey to W. B. Dennis all of the estate of Isaac Simpson in said lands. This deed was approved by the county court of Pushmataha county, which had jurisdiction of the settlement of the estate of the deceased allottee, under the provisions of section 9 of the act of Congress of May 27, 1908 (35 Stat. 312, ch. 199), on August 13, 1908. The journal entry of the order approving the deed is as follows:

"Now, on this 13th day of August, 1908, comes Isaac Simpson and files and presents to the court his petition praying for an order of the court approving and confirming a certain deed of conveyance executed by the said Isaac Simpson to W. B. Dennis on the 11th day of August, 1908, to the following described real estate to wit: The northwest quarter and the northwest quarter of the southwest quarter of section 36, township 10 north, range 5 west, same being allotment of said Thomas Simpson Ketchum, deceased. And the court, upon consideration of the said petition, being well and sufficiently advised in the premises, finds that the said Thomas Simpson, deceased, was a full-blood Choctaw Indian, and that he resided at the time of his death and previous thereto in that portion of the Central district of the Indian Territory which now comprises Pushmataha county, Okla.; that he died here on the 10th day of April, 1906, and that this court has exclusive jurisdiction of the estate of the said Thomas Simpson, deceased; that at the time of his death he was seised of the above-described lands, which were allotted to him by the Chickasaw and Choctaw Nations and conveyed to him under allotment and homestead patents; and that the said Thomas Simpson at the time of his death was the owner of said lands in fee simple.

"The court further finds that the petitioner, Isaac Simpson, is a full-blood Choctaw Indian, is father of the deceased, and inherited a life estate in his lands; that on the — day of ——, 1908, the said petitioner, Isaac Simpson, executed to W. B. Dennis, for and in consideration of the sum of $500, a warranty deed to his interest in the said lands. The court further finds that the deed was duly signed and acknowledged by the said Isaac Simpson, and that the consideration of said deed was fully paid, and that the same is reasonable, adequate, and satisfactory to the said petitioner; and the court finds that the said conveyance of the said real estate from the said Isaac Simpson to the said W. B. Dennis should be in all things approved and confirmed.

"It is therefore by the court considered, ordered, adjudged, and decreed that the said conveyance of the said above-described lands by the said warranty deed, dated the 11th day of August, 1908, from the said Isaac Simpson to the said W. B. Dennis be, and the same is hereby, approved and confirmed and declared in all things legal and valid.

"L. P. Davenport, County Judge."

It seems that the county court labored under the erroneous impression that Isaac Simpson took only a life estate in the lands of his deceased son, and it is contended by plaintiff, because said county court found that Isaac Simpson inherited a life estate in the lands of his deceased son, the order approving the deed submitted to the court authorized only a conveyance of a life estate and that the deed approved therefore only conveyed Isaac Simpson's life estate, and upon his death the lands conveyed descended to John Simpson and his other heirs. We do not think that the order of the county court is open to the construction contended for by plaintiffs. By the provisions of section 9, Act Cong. May 27, 1908, the county court was granted power to approve the deeds of full-blood Indians, conveying their inherited lands, and such approval was necessary to the validity of such deed. There was no authority to determine or adjudicate what interest the heir of a deceased allottee might have in the land in a proceeding to approve a deed executed by such heirs. The only matter properly before the county court in such a proceeding was the question of whether or not the deed executed by a full-blood heir of an allottee should or should not be approved. The county court of Pushmataha county determined this question in

favor of the approval of the deed executed, which on its face conveyed all the estate that Isaac Simpson had in the lands described therein. The findings of the court as to the estate inherited by Isaac Simpson were upon matters not then before him for consideration, and can have no weight in modifying the order actually made by the county court. The order of the court was that the deed executed by said Isaac Simpson to said W. B. Dennis, describing it, be approved and confirmed as in all things legal and valid. The order embraced the only matter before the court for determination, and the conveyance approved cannot be reduced or the estate conveyed thereby diminished by the erroneous findings of fact contained in the journal entry. It has been determined by this court, in the case of Cochran v. Blanck, 53 Okla. 317, 156 Pac. 324, that the action of a county court approving a deed conveying the interest of a full-blood Choctaw Indian in lands inherited by such Indian, required by section 9, Act Cong. May 27, 1908, supra, is not judicial in its nature nor the exercise of any judicial function. The act of the county court approving the deed in the instant case not being judicial, the findings of the court as to *the estate in said lands inherited by Isaac Simpson form no part of the order of approval, there being no necessity for them, and they may therefore be treated as surplusage.

It is urged, however, by plaintiffs that the deed described in the order of the county court approving the same was said to be dated August 11, 1908, whereas the deed in evidence in this case bears date August 5, 1908, and that therefore the deed approved by the court is not before us, and we cannot say what interest or estate was conveyed thereby. It is true the deed upon which defendants rely was dated August 5, 1908, and was filed for record August 11, 1908, but the plaintiffs cannot now and here question that the deed relied upon by defendants is the one approved by the county court of Pushmataha county. Plaintiffs in their petition allege that the deed bearing date August 5, 1908, was executed by Isaac Simpson, and allege that said deed was duly approved by the county court of Pushmataha county, and plaintiffs attach as an exhibit to the petition a copy of said deed and a copy of the order of the county court approving same. The plaintiffs cannot now be heard to say that this deed was not the deed approved by the county court of Pushmataha county in its order made on August 13, 1908. We therefore conclude that the defendants through the deed executed by Isaac Simpson took all of the estate of Isaac Simpson in said lands, and that the trial court erred in holding that

the plaintiff John Simpson inherited an undivided one-ninth interest therein from said Isaac Simpson.

It is urged by the defendants in their brief that Isaac Simpson inherited the entire estate of his deceased son in the lands in controversy. This contention seems, however, to have been abandoned in the oral argument, and it is, in any event, untenable. In Thorn v. Cone, 47 Okla. 781, 150 Pac. 701, it is determined by this court that the allotment of a deceased member of the Five Civilized Tribes dying without issue, intestate, before statehood, and whose father and mother were full-blood members of his tribe, ascends equally to the father and his heirs and the mother and her heirs. McDougal v. McKay, 43 Okla. 251, 142 Pac. 987; Pigeon v. Buck, 38 Okla. 101, 131 Pac. 1083. It follows, therefore, that John Simpson, through his mother, inherited upon the death of Thomas Simpson Ketchum an undivided one-half interest in his allotment, and the whole estate did not ascend to the surviving father.

The judgment of the trial court should therefore be modified so as to award to the plaintiffs an undivided one-half interest in the lands in controversy, and the judgment so modified should be affirmed. The costs of this appeal should be equally divided between the plaintiffs and defendants, and this cause remanded to the trial court, with directions to render judgment in conformity with this opinion.

By the Court: It is so ordered.