## HULLEY et al. v. STIDHAM et al.

No. 8419—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

**Indians — Seminole Allotments — After-Allotted Lands—Descent—Seminole Citizens.**

Lands allotted to an enrolled member of the Seminole Tribe of Indians, who died after the 31st day of December, 1899, and before receiving allotment, descend, under section 2 of the act of Congress, June 2, 1900, (31 Stat. at L. 250), to heirs who are citizens of the Seminole Nation. Citizens, as the term is here used, are persons whose names appear on the final rolls made in pursuance of section 1 of said act.

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action to recover real estate by Nora Hulley and others against Charley Stidham, and another, minors, by their guardian. Judg-

ment for defendants, and plaintiffs bring error. Affirmed.

Cobb & Cobb and J. A. Baker, for plaintiffs in error.

John W. Willmott, for defendants in error.

OWEN C. J. The land in controversy was allotted to George Stidham, a Seminole citizen, who died intestate, and without issue, in July, 1900, prior to receiving allotment. Plaintiffs are distant relatives of the mother of George Stidham, and claim through her right of inheritance. The mother was a Seminole Indian by blood, but died prior to enrollment as a citizen of the nation. The father, Wilson Stidham, was enrolled as a member of the Creek Tribe. After the death of George Stidham's mother, Wilson Stidham married a Seminole Indian. Charley and John Stidham, defendants, are the sons of Wilson Stidham by this marriage, and, therefore half-brothers of George Stidham, the allottee. Charley and John Stidham are enrolled as citizens of the Seminole Nation, and were held by the trial court to inherit the land in question. The principal argument on behalf of plaintiffs in error is to the effect that the allotment in question was an ancestral estate under authority of McDougal v. McKay, 43 Okla. 261, 142 Pac. 987, 237 U. S. 372, 59 L. Ed. 1001, and other cases cited to the same effect. But in our opinion this is not the decisive question in the case. Assuming that it is an ancestral estate in the sense in which that term was used in Shulthis v. McDougal, 170 Fed. 529, 95 C. C. A. 615, the question for determination is whether the remote relatives of the mother, the mother not being a citizen of the Seminole Nation, or the half-brothers on the paternal side, such brothers being citizens of the Seminole Nation, inherit from George Stidham, who died after December 31, 1899, before receiving his allotment.

Neither the father nor the mother of George Stidham was a citizen of the Seminole Nation, but counsel for plaintiffs contend that inasmuch as the mother was a Seminole Indian by blood, although not enrolled as a citizen, the descent was cast through her to her remote relatives. The descent was cast under section 2, Act of Cong. approved June 2, 1900 (31 Stat. at L. 250), commonly known as the Supplemental Seminole Agreement, which provides for descent according to the laws of descent and distribution of the state of Arkansas as found in Mansfield's Digest. This section expressly provides that such allotment "shall descend to the heirs who are Seminole citizens," and the Supreme Court of the United States, in Campbell v. Wadsworth, 63 L. Ed., Adv. Ops. January 15,

1919, p. 75, held that persons not enrolled are not Seminole citizens, although of Seminole blood.

The question there was whether the daughters, not being enrolled, inherited from their enrolled father to the exclusion of a distant relative of the father, this relative being enrolled as a citizen. It was there pointed out that the daughters, being born to a · Seminole citizen prior to the 31st of December, 1899, were entitled to enrollment as Seminole Indians under the first paragraph of the agreement, and, if so enrolled, would be strictly within the terms of the act, and would inherit the land. But notwithstanding this, in view of the express provision that only citizens may inherit, the daughters were excluded.

Counsel rely upon the cases of Thorne v. Cone, 47 Okla. 781, 150 Pac. 701; Buck v. Simpson, 65 Oklahoma, 166 Pac. 146; Johnson v. Dunlap, 68 Oklahoma, 173 Pac. 359; Whitener v. Moss, 71 Oklahoma, 175 Pac. 223; and like cases, to the effect that allotments, being ancestral estates, descend equally to both parents, where both are citizens, and to the citizen parent to the exclusion of the other, where only one is a citizen. These cases, as we view the question here, are not in point.

It is urged that under the laws and customs of the Seminole Tribe, no children could be placed upon the rolls except those having a Seminole mother, and therefore the allotments come to the allottees by the blood of the mother, and upon the death of the allottee, without descendants, it should ascend to the mother, or her heirs. A similar contention was made in Thorne v. Cone, supra, and this court, in an opinion by Mr. Justice Kane, said:

"We cannot agree with this contention. We may assume that what counsel say concerning the laws and customs of the Seminoles is correct, but still the deductions they seek to draw therefrom do not necessarily follow. Strictly speaking, these estates did not come to the allottees either 'by the father' or 'by the mother.' It is apparent at a glance that the foregoing canons of descent, adopted from the laws of Arkansas and extended over and put in force in Indian Territory for the purpose of supplementing the acts of Congress providing for the allotment of Indian lands in severalty, are not precisely applicable to the situation presented by the record before us. Therefore the court in this as in other instances is called upon to accommodate the laws of Arkansas as nearly as may be to the situation as it finds it in order to effectuate the purposes of Congress."

This holding was based on the authority of McDougal v. McKay, supra; Shulthis v.

McDougal, supra; Pigeon v. Buck, 237 U. S. 386, 59 L. Ed. 1007.

In 'the instant case the mother of George Stidham, not being a citizen of the Seminole Nation, cannot inherit. Therefore her relatives cannot claim through her right of inheritance. Her remote kin, being enrolled as citizens and related by blood to George Stidham, might inherit as his heirs were it not for the closer relatives who are also enrolled citizens. The court in this instance is called upon to accommodate the laws of Arkansas as nearly as may be to the situation as it finds it, in order to effectuate the purpose of Congress, and the express purpose, as has been said, is to limit the descent to heirs who are Seminole citizens.

Looking further to the Arkansas law of descent and distribution, sections 2532 and 2533, ch. 49, Mansfield's Digest, we find that the estate of an intestate, in default of a father and a mother, shall go first to the brothers and sisters, and that the relation of the half-blood shall inherit equally with those of the full-blood in the same degree.

The judgment of the trial court is affirmed.

PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.