## McCRARY et al. v. SCOTT.

No. 12284—Opinion Filed June 2. 1925.

Rehearing Denied Dec. 1, 1925.

(Syllabus.)

**1. Indians—Devolution of Creek Allotment.**

Sam Tiger died April, 1907, while section 49, Mansfield's Digest, was the governing statute, leaving surviving him on the paternal side Tom Tiger, his father, enrolled as a Seminole, although in fact having some Creek blood, and two grandchildren of Tom Tiger, enrolled as Creeks, Sam Tiger's mother was of Creek blood, but died prior to enrollment. The next of kin on the maternal side was James Scott, enrolled as a Creek. Held, that the father of Sam Tiger, being enrolled as a Seminole, was a noncitizen of the Creek Tribe, and the allotment came to Sam Tiger by virtue of the tribal blood of his mother, and the estate passed through the maternal heir.

**2. Indians—Conveyances of Inherited Land —Effect of County Court's Approval on Question of Jurisdiction.**

Section 9 of the Act of Congress of May 27, 1908, entitled "An Act for the removal of restrictions from part of the lands of the allottees of the Five Civilized Tribes and for other purposes," provided in effect that conveyances by full-blood Indians of inherited lands should be approved by the county court of the state of Oklahoma having jurisdiction of the settlement of the estate of the deceased allottee. Held, the act of a county judge in approving the conveyances of a full blood to his inherited land is a ministerial act and not a judicial act. and is not res adjudicata of the necessary facts to be decided in determining whether the county court approving the deed had jurisdiction of the settlement of the estate of the deceased allottee.

**3. Same—Jurisdiction as Question of Fact —Conclusiveness of Findings on Appeal.**

The question as to what county court had jurisdiction to approve a conveyance of inherited lands by a full-blood heir is a question of fact to be tried and governed by the same rules as govern a determination ordinarily of questions of fact, and where

the findings and conclusions of the trial court as to the same are reasonably sustained by the evidence, they will not be disturbed on appeal by this court.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by James Scott against G. R. McCrary, Missally Coon, nee Johnson, Cully Johnson, and others for possession of land and to quiet title. Judgment for plaintiff, and defendants bring error — Coon and Johnson by cross-petition in error. Affirmed.

Norman Barker, J. R. Cole, E. C. Mead, J. C. Wright, C. T. Huddleston, and Logan Stephenson, for plaintiffs in error.

J. B. Campbell and Tom Hazelwood, for cross-petitioners in error.

T. H. Ottesen and T. H. Wren, for defendant in error.

CLARK, J. James Scott commenced this action in the district court of Creek county against McCrary, Hoffman, Barker, Clifton Drilling Company, the Prairie Oil & Gas Company, and Missally Coon, nee Johnson, alleging he was the owner in fee of a certain tract of land situated in Creek county, and alleging the defendants were in possession thereof, and prayed possession thereof and for rents. As a second and separate cause of action plaintiff prayed judgment quieting his title against all these defendants. The court made certain findings of fact and quieted the title in the plaintiff and rendered judgment against a portion of the defendants for rent. From said judgment, this appeal is prosecuted to reverse the judgment of the lower court.

The land involved in this litigation was allotted to one Sam Tiger, an enrolled citizen of the Creek Nation, No. 6690. Patent to the land was duly issued in all respects as provided by the acts of Congress providing for the allotment of the tribal lands of the Creek Nation. Sam Tiger, the allottee, continued to own said land until April 8, 1907, on which date he departed this life, intestate, unmarried and without issue. At the time of his death he was approximately eighteen years of age. The mother of Sam Tiger was a citizen of the Creek Nation, but she died prior to April 1, 1899, and, therefore, her name does not appear among the enrolled citizens of the Creek Tribe on the final enrollment made for allotment purposes; but it did appear on the tribal roll made prior to the allotment roll. The father of Sam Tiger survived him; his name was Tom Tiger; he was not a citizen of the Creek Nation. but was enrolled as a citizen of the Seminole Tribe of Indians, and his name, Tom Cotcha, appears upon the rolls of the Seminole Tribe. Tom Tiger was at one time the husband of Tiolezy, and to them was born one Tener. Said Tener was married to the defendant Cully Johnson, and of this marriage the defendant Missally Johnson, now Coon, and one Sunny Johnson were born. Tener died prior to enrollment. Sunny Johnson died in 1910, unmarried and without issue, leaving surviving his father, Cully Johnson, and his sister, Missally Johnson, or Coon. And it is through this deceased son that Cully Johnson claims an interest in the property in question.

It will be noted that Tener, the daughter of Tom Tiger and his wife Tiolezy, was the mother of Missally Johnson, or Coon, and Sunny Johnson; that is, Missally Johnson and Sunny Johnson were the grand children of Tom Tiger.

It will be noted that Sam Tiger, the allottee, was survived on the paternal side by his father, Tom Tiger, and two grandchildren of Tom Tiger, to wit, the Johnsons, who were enrolled as Creeks. On the maternal side, Eliza Tiger, the mother of Sam Tiger, died prior to the death of Sam Tiger; he was survived by James Scott, the next of kin on the maternal side. enrolled as a Creek.

The first question for consideration is to determine who inherited the lands upon the death of Sam Tiger, he having died prior to statehood, intestate, unmarried and without issue, while the provision of section 49, Mansfield's Digest, was the statute governing the devolution of the estate.

First. Such an estate is in the nature of ancestral estate, and came to the allottee by the blood of his tribal parents, or parent. And Sam Tiger, being enrolled as a Creek Indian and his father being enrolled as a Seminole, took his allotment in the Creek Nation by the blood of his tribal parent, his mother.

Second. Where both parents are enrolled as Creeks, the allotment came to the allottee by virtue of the blood of both tribal parents, and the land passes one-half to the father and one-half to the mother.

By applying the above principles of law, the mother of Sam Tiger being a Creek and his father being enrolled as a Seminole, the land was acquired by virtue of the blood of his mother, and the allotment passes to the maternal heir, who, it is agreed, is James Scott. See Shulthis v. McDougal,

170 Fed. 529; Pigeon v. Buck, 38 Okla. 101, 131 Pac. 1083; Thompson v. Cornelius, 53 Okla. 85, 155 Pac. 602; Thorn v. Cone, 47 Okla. 781, 150 Pac. 701; McDougal v. McKay, 237 U. S. 372, 59 L. Ed. 1001; Grease v. McNac, 102 Okla. 44, 225 Pac. 524.

Johnson and Coon, however, contend that Tom Tiger possessed Creek blood and his grandchildren were enrolled as Creeks, and concede that Tom Tiger could not inherit. but contend the grandchildren do. We know of no law that authorizes a person to inherit property when the person who is living, through whom his right of inheritance must come, could not inherit. They cite Minshall v. Berryhill, 83 Okla. 100, 205 Pac. 932, Grease v. McNac, supra, and Hulley v. Stidham, 77 Okla. 315, 188 Pac. 879, but these cases are not in point. Whether they would be in point if Tom Tiger had died prior to the death of Sam Tiger and not enrolled as a Seminole, we express no opinion. But it must be conceded that the allotment of Sam Tiger came to him by virtue of his mother being a Creek Indian and of the Creek Tribe.

Having reached the conclusion that the plaintiff, James Scott, inherited the land in question, this disposes of the rights of Missally Coon, nee Johnson, and Cully Johnson.

Having reached the conclusion that the plaintiff, James Scott, inherited the entire estate in the lands in question, and it being conceded that the interest the defendants McCrary, Hoffman, Barker, Clifton Drilling Company, a corporation, and the Prairie Oil & Gas Company, a corporation, are claiming is under and through the said James Scott, the next question for determination is, What interest these defendants have in the property in question? The rights of these said defendants arise by reason of a deed executed by the plaintiff, James Scott, on August 2, 1909, to one H. L. Graves, which deed purported to convey the allotment of the said Sam Tiger. Said deed was approved by the county court of Seminole county. Okla. The Act of Congress of May 27, 1908, entitled, "An Act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes and for other purposes," provided in section 9 in effect that conveyances made by full-blood heirs to inherited land should be approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee. It has been repeatedly held, and the citation of authorities is unnecessary herein, that the county courts of Oklahoma, in the exercise of the governmental power or function conferred on such courts by the said provision of said act, did not act in a judicial capacity, but in a ministerial capacity, and that the order of approval of any such conveyance might be attacked collaterally. This was done in the instant case. It is not disputed by the plaintiff, James Scott, that he executed the instrument, in form a deed, to the said Graves, and that the same was approved. by the county court of Seminole county. In order that the approval by the said county court might be such a compliance with the said act of Congress as to render such conveyance effective, it was necessary that the said court be the court having jurisdiction of the settlement of the estate of the deceased allottee, Sam Tiger. This was an issue which arose in the trial of this cause, for the determination of the court. This suit being for the possession of the land, and to quiet title, as against the defendants, it was a suit at law, and not in equity. The parties to the suit waived a jury and tried the cause to the court. The evidence on this issue was conflicting, many witnesses testifying that the residence of the said Sam Tiger and of his father, Tom Tiger, was in Okfuskee county, Okla., or rather that part of the Creek Nation which afterwards became Okfuskee county, Okla., at the time of the death of the said Sam Tiger. Other witnesses testified that Tom Tiger, the father, made his home near his individual allotment in Seminole county, Okla., and had done so for several years prior to the date of the death of the said Sam Tiger. From this, the defendants contend that the legal residence of Sam Tiger followed that of his father. The trial court found the question of fact as to the residence of Sam Tiger against the defendants, and this finding being reasonably supported by the evidence, it will not be disturbed here. Loomer v. Walker, 59 Okla. 44, 157 Pac. 1055; Turben v. Douglass, 76 Okla. 78, 183 Pac. 881.

While there are other assignments of error made by the several plaintiffs in error, the conclusion reached above determines the rights of the parties in question, and it is unnecessary to discuss the other assignments made, as they would not alter the property status under the conclusions as to the questions herein disposed of.

It follows, therefore, that the judgment of the trial court in favor of the plaintiff, James Scott, must be affirmed.

NICHOLSON, C. J., BRANSON. V. C. J., and MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 31 C. J. p. 523. (2) 31 C. J. p. 514. (3) 4 C. J. p. 853; 31 C. J. p. 514.