## MILLER et al. v. GREGORY et al.

No. 18260. Opinion Filed July 17, 1928.

(Syllabus.)

1. **Pleading—Admission in Pleadings Conclusive.**

The solemn admissions of a party in his pleadings will ordinarily be treated as admitted facts and he will not be heard to question the same so long as they remain a part of the record.

2. **Same—Enrollment Records not Sole Method of Proof of Quantum of Indian Blood Where Issue not Controverted.**

In an action to determine heirs of an Indian allottee and to quiet title to lands, where the pleadings of the plaintiff allege, and the logical legal inferences therefrom show the quantum of Indian blood of such allottee and those claiming to inherit from the allottee, and the defendants, claimants, admit such allegations, further proof thereon by the introduction of the enrollment records of the Commissioner of the Five Civilized Tribes as provided by Act of Congress, May 27, 1908, section 3, is unnecessary, there being no controverted issue of fact thereon as between the parties.

**3. Indians—Conveyance of Land—Approval by County Court not Judicial Function.**

The action of a county court of this state in approving a deed conveying the interest of a full-blood Cherokee Indian to lands inherited by such Indian, required by sec. 9 of Act Cong. May 27, 1908, c. 199, 35 Stat. 312, is not judicial in its nature, nor the exercise of any judicial function.

**4. Appeal and Error—Evidence Held Insufficient.**

Record examined, and the same is found insufficient to sustain the judgment of the trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by Isaac Gregory against Stephen A. Miller et al. to determine heirship and quiet title to certain lands. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

G. W. Sickles and Peter Deichman, for plaintiffs in error.

Pennel & Harrison and Montgomery & Kirk, for defendants in error.

LEACH, J. Isaac Gregory, one of the defendants in error, as plaintiff below, filed this action in the district court of Washington county to determine the heirs of Joseph Miller, deceased, and quiet title to 80 acres of land allotted the said Joseph Miller, together with certain lands, the allotment of Jacob Miller, deceased. The Jacob Miller allotment, however, is not involved in this appeal. The plaintiff, Isaac Gregory, alleged, in part, that he was the owner of the fee-simple title to and in possession of the land involved; that he acquired and deraigned his title to the Joseph Miller allotment through certain conveyances; the first and original deed in his chain of title, other than the allotment deed, was executed by Mary Bascomb, mother of the Joseph Miller, the allottee. It being further alleged that Joseph Miller, a full-blood citizen of the Cherokee Nation, was allottee of the certain lands as described; that he died intestate on August 23, 1905, without issue and unmarried; that his father had died long prior to the death of the said allottee; that under the laws of succession of the state of Arkansas, which were in force at the death of the allottee, the property descended to Mary Bascomb, the mother, as the sole heir.

The defendants below, who are plaintiffs in error here, Andrew Miller, Edwin Miller, Pearl Miller, and Martha Miller, minors, by their guardian ad litem, and Stephen A. Miller, Duncan Miller, Lucinda Hicks (nee Miller), Lizzie Conner (nee Miller), Rosie Scott (nee Miller), Rella Toni (nee Miller), and Christiana Fox (nee Miller), filed their answers in the cause, admitting that Joseph Miller was a full-blood Cherokee Indian, roll number 31682; that there was allotted to him the lands mentioned in plaintiff's petition; expressly denied that Mary Bascomb was the sole and only heir of Joseph Miller, and that the plaintiff was the owner in fee of the lands described; and for their cross-petition alleged that they were heirs of Joseph Miller, deceased; that they, the answering defendants and cross-petitioners, were the owners by inheritance of the lands described in plaintiff's petition, and prayed that plaintiff and the other defendants be required to set forth the exact interest they claim and from what source, and prayed that their interests be determined, and that the land be partitioned among the parties according to their respective interests.

Robert S. Bradley and Hugh L. Bryan, grantors in plaintiff's chain of title, who had been made parties defendant in the action by supplemental petition, filed their answer and supplemental answer, wherein they admitted all the allegations in plaintiff's petition and supplemental petition, and denied they were liable on any warranty to the plaintiff; specifically denied that the other defendants named, who claimed to be heirs of Joseph Miller, deceased, were such heirs; alleged that they, the answering defendants, were the owners in fee and in possession of the lands at the time of the conveyance of such lands by them; further alleged that they had made lasting and valuable improvements on the lands; further alleged that at the time of the conveyance of the allotment of the said Joseph Miller, deceased, by Mary Bascomb to them, all of the cross-petitioners were present at such sale and conveyance and participated therein and received part of the purchase money paid to Mary Bascomb; that said cross-petitioners made no claim or demands for said land or any part thereof prior to the filing of this suit, and that cross-petitioners were estopped by reason of such acts. Emma E. A. Cosner, a defendant who was one of the grantors in the chain of title through which plaintiff claimed title, filed her answer, admitting the allegations of plaintiff's petition, but denying liability to plaintiff on her warranty deed; specifically denied that cross-petitioners were heirs of Joseph Miller or that they had any interest in the lands, and prayed judgment over against her grantors in case she be adjudged liable.

The defendants below, cross-petitioners, replied, expressly denying that they received any portion of the consideration for the deed from Mary Bascomb.

Upon the issues thus made the cause was tried to the court, who rendered judgment in favor of plaintiff. It being found by the court in part as follows:

"The court further finds all of the allegations contained in the plaintiff's petition are true; that Joseph Miller was a full-blood citizen of the Cherokee Nation and as such had allotted to him the west half of the northwest quarter of section 9, township 25, range 13, Washington county, Oklahoma, and received his homestead and allotment deeds thereto from the Cherokee Nation; that Joseph Miller died on the 23rd day of August, 1905, intestate, and left as his sole and only heirs at law, his mother, Mary Bascomb, and that prior to his death the said Joseph Miller was, and had been for a long number of years, an actual and bona fide resident of what is now Washington county, Okla.; that his father died long prior to the allotment, and was not enrolled as a Cherokee citizen, and that upon the death of said Joseph Miller, the above described land descended to and was inherited under the laws of succession of the state of Arkansas to the said Mary Bascomb, and that she sold and conveyed the same for a valuable consideration to the defendants, Robert S. Bradley and Hugh L. Bryant, and that said conveyance was duly, regularly and lawfully approved by the county court of Washington county, Okla., having jurisdiction over said estate; that thereafter the said Robert S. Bradley and Hugh L. Bryant conveyed the same to Josiah B. and Emma E. A. Cosner, who thereafter conveyed the same to the plaintiff herein, who is now the owner and holder thereof."

The plaintiffs in error here, as defendants below, filed their motion for a new trial, which was denied, and they bring this appeal, setting forth four grounds of error which are covered and included under their fourth assignment of error, which is:

"That said judgment of the court is contrary to the law and the evidence in this case."

It is the contention of the plaintiffs in error that they are entitled to an undivided one-half interest in the land in question by virtue of being children or representatives of children of Andrew Miller, the father of the allottee, Joseph Miller: that the allotment was an ancestral estate and as such under the laws of succession of Arkansas, which were in force at the death of the allottee, and under the holding in the following cases: Shulthis v. McDougal. 170 Fed.

529, 95 C. C. A. 615; Pigeon v. Buck, 38 Okla. 101, 131 Pac. 1083, Id., 35 Sup. Ct. Rep. 608, 237 U. S. 386; Thorn v. Cone, 47 Okla. 781, 150 Pac. 701; Whitener v. Moss, 71 Okla. 57, 175 Pac. 223; Cowokochee v. Chapman, 67 Okla. 263, 171 Pac. 55, the title and ownership in the land in question vested in equal shares in the mother and father of the allottee or their heirs.

The defendants in error contend and say, quoting from their brief:

"Our point is that there is no lawful or competent proof in this record to show that Andrew Miller, the father of Joseph Miller, was a Cherokee Indian, so that it can be said that Joseph Miller's ancestral estate shall descend one-half to the heirs of his father, Andrew Miller, and the other half to his mother,· Mary Bascomb"

—and call attention to the provisions of the Act of Congress approved May 27, 1908 (35 Stat. 312, c. 199), which reads:

"The rolls of citizenship and of freedman of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes"

—and the holding in the case of Cowokochee v. Chapman, supra, and Dawes v. Brady, 112 Okla. 289, 241 Pac. 147, and say that since plaintiffs in error were cross-petitioners, it was incumbent upon them to introduce the rolls in order to prove that Andrew Miller, father of the allottee, was a member of the Cherokee Tribe.

Stephen A. Miller, one of the plaintiffs in error, testified on behalf of himself and co-defendants below, without contradiction, that he and the other plaintiffs in error were the children or representatives of children of Andrew Miller, deceased, who was also the father of Joseph Miller, the allottee; that Mary Bascomb was his (witness's) step-mother. As we view the record there was no direct testimony offered to the effect that Andrew Miller, father of Joseph Miller, the allottee, and of the plaintiffs in error was a Cherokee Indian, neither was there any evidence to the contrary, nor was there offered any evidence substantiating plaintiff's allegation that Mary Bascomb, mother of the allottee, was his sole heir. However, it is alleged in the petition of the plaintiff below, Isaac Gregory, that Joseph Miller was a full-blood citizen of the Cherokee Nation. The exhibits attached to and a part of the petition show allottee to be a full-blood Cherokee citizen of the Cherokee Tribe, roll No. 31682. It is further alleged in the petition, in

that part referring to the allotment of Jacob Miller, deceased, after naming Stephen A. Miller, Duncan Miller, Elizabeth Miller, and Lucinda Hicks, nee Miller, that all of said heirs were full-blood citizens of the Cherokee Nation.

The defendants Bradley and Bryant, in their answers, referring to the petition of plaintiff below, say:

"That they admit all the allegations in said petition and supplemental petition, including all the exhibits thereto attached and made a part thereof."

The plaintiffs in error, as defendants below, in their answer said:

"We admit that Joseph Miller was a full-blood Cherokee Indian, roll No. 31682."

The plaintiffs in error, in their reply brief, say:

"It is admitted that more direct evidence might have been introduced, but clearly the failure to introduce further evidence was because of the fact that this point was not in issue. The whole case from beginning to end, and particular attention is invited to the pleadings of the defendants in error, seems to have been conducted on an accepted and agreed basis that the allottees and all connected with them were full-blood Indians of the Cherokee Tribe."

The trial court, in its findings incorporated in the journal entry, refers to the defendants as full-blood Cherokee Indians.

If the pleadings of the parties alleged and showed the quantum of Indian blood of the allottee and claimants, then it would appear unnecessary to introduce the rolls of citizenship in order to establish the quantum of Indian blood of the parties, and defendants in error have no complaint as to lack of proof on that point. Apparently under the pleadings of the parties there arose no controverted issue of fact between the parties on the question. If Joseph Miller was enrolled, and was in fact, as alleged in the pleadings of the parties, a full-blood Cherokee Indian, then under such allegation and fact the logical legal conclusion and inference would be that the father of the allottee was also of Cherokee blood and as such entitled him or his children to inherit from the allottee.

"Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the parties. They present to the court what the pleader claims the facts to be and upon such statement asks it to grant him relief, and he is bound by every statement against his interests made therein, and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any stage of the case, either in the trial court or on appeal, if they are preserved in the transcript or case-made." Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 Pac. 412; Lee v. Little, 81 Okla. 168, 197 Pac. 449; Brown v. Hartford Fire Ins. Co., 108 Okla. 90, 234 Pac. 352.

"A demurrer to the evidence searches the pleadings for the facts admitted as well as the evidence for the facts proved to determine whether or not the evidence is sufficient to entitle the plaintiff to the relief asked." Tilghman v. Sykes, 103 Okla. 50, 229 Pac. 634.

The trial court found that Joseph Miller was a full-blood citizen of the Cherokee Nation, and as to his father found, "That his father died long prior to the allotment and was not enrolled as a Cherokee citizen." We are unable to determine what weight, if any, the trial court gave to the fact that the father of the allottee was not enrolled as a Cherokee citizen, or how such fact was determined, since the rolls were not introduced, unless it be by the testimony that the father died in the 1900's, presumably prior to the date of the preparation of the rolls. Under holdings in the case of Whitener v. Moss, 71 Okla. 57, 175 Pac. 223, Buck v. Simpson, 65 Okla. 265, 166 Pac. 146, and Cowokochee v. Chapman, supra, it is immaterial whether the ancestor survived the allottee or whether the ancestor be enrolled as a citizen of the particular tribe. In the case of Cowokochee v. Chapman, supra, it was held that a father who was a Creek, but enrolled as a Seminole, was entitled to inherit from his deceased son who was enrolled as a Creek. Under the pleadings and record in the instant case, in the absence of contradictory proof, we find there is sufficient in pleadings and proof to create the legal presumption that Andrew Miller, father of the allottee, was a Cherokee Indian, and that the court erred in holding Mary Bascomb to be the sole heir of the allottee.

Defendants in error say that the order of the county court approving the deed executed by Mary Bascomb, wherein the court found she was the sole heir of Joseph Miller, was a judicial determination and cannot now be questioned. Such contention is at variance with plaintiff's petition wherein it is alleged no judicial determination of the heirs of the deceased allottee has been had. Furthermore, this court has held that the approval of the deed of a full-blood Indian is not a judicial act, and findings therein are without force. See Buck v. Simpson, supra;

Cochran v. Blanck, 53 Okla. 317, 156 Pac. 324.

The proposition argued by defendants in error that the plaintiffs in error were estopped by reason of having participated in the purchase money paid Mary Bascomb, is not, as we view the record, sustained by the evidence. Even if sustained by the evidence the plea of estoppel would not be available here as against a full-blood Indian heir. See Bilby v. Malone, 130 Okla. 217, 266 Pac. 760; Cravens v. Amos, 64 Okla. 71, 166 Pac. 140.

The trial court made no finding on the plea of estoppel and apparently decided the case upon the ground that the plaintiffs in error were not entitled to inherit.

Under the state of the record we do not deem it advisable to enter or direct a judgment in favor of plaintiffs in error, but do hereby reverse the cause with directions to grant plaintiffs in error a new trial.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 87. (2) 31 C. J. p. 524, §98. (3) 31 C. J. p. 514, §79. (4) 4 C. J p 888, §2857.