No. 1,857.

## NEPTUNE, ADMINISTRATOR, *v.* PAXTON, RECEIVER.

PROMISSORY NOTE.—*Agency.*—*Liability of Agent.*—A promissory note payable to a bank, signed "T., Trustee for Bank," cannot be enforced by the bank where the facts show that the note was given by such trustee merely as the agent of the bank, for unsold stock of the bank held by him as trustee, the dividends of which were credited to the bank.

From the Knox Circuit Court.

*G. G. Reily* and *J. W. Emison*, for appellant.

*W. H. De Wolf*, for appellee.

Ross, J.—The appellee, Thomas R. Paxton, as receiver of the Vincennes National Bank, of Vincennes, Indiana, filed with the clerk of the Knox Circuit Court, as a claim against the estate of William M. Tyler, deceased, a note, bearing date January 1, 1892, calling for $22,365.00.   The claim was transferred to the issue docket, when the appellant filed a demurrer thereto for want of facts, which was overruled by the court and an exception saved to the ruling.   Appellant thereupon filed an answer in two paragraphs, the first being a general denial, and the second setting up special matter.   To the second paragraph of the answer appellee filed a demurrer, which was overruled and an exception saved.   There was a trial by the court, resulting in a finding and judgment against the estate.   Subsequently, the appellant filed a motion for a new trial, which was overruled by the court.

The appellant assigns as error here the rulings of the court in overruling the demurrer to the complaint and the motion for a new trial.

The appellee assigns, as cross-error, the ruling of the court in overruling the demurrer to the second paragraph of the appellant's answer.

The note sued on reads as follows:

"$22,365.

VINCENNES, IND., Jan. 1, 1892.

"Six months after date, we, or either of us, promise to pay the Vincennes National Bank, or order, twenty-two thousand, three hundred and sixty-five dollars, negotiable and payable at the Vincennes National Bank, Vincennes, Indiana, for value received, with eight per cent. interest per annum after maturity un-

til paid,· and ten per cent. attorney's fees for collecting, the same to be included in any judgment on this note, without relief from valuation or appraisement laws, for 133 shares of stock in the Vincennes National Bank.    The dividend on the stock to be the interest on this note.                    "W. M. TYLER,

"Trustee for Bank."

It is insisted, on behalf of appellant, that there is no liability on the part of the estate, for the reason that the obligation sued on was not the personal obligation of the decedent, William M. Tyler, but that he was simply the trustee for the Vincennes National Bank.

The evidence, which is clear and unequivocal, establishes the following state of facts:

In the year 1885, the Vincennes National Bank was organized under an extension of its charter; that a number of the old stockholders declined to take stock in the reorganization, for which reason a part of the capital stock was not taken, and the part not regularly subscribed for and taken was issued to and in the name of Sheridan H. Isaacs, assistant cashier of the bank, as trustee for the bank, and he gave his note as such trustee therefor, the note being then carried instead of the stock as an asset of the bank.    Mr. Isaacs acted as such trustee for about two years, when Wm. M. Tyler, who was the president of the bank, became trustee, and new certificates of stock for all remaining unsold were then issued to him as "trustee for bank," and he, as such trustee, executed a note to the bank therefor, signing such note in the same manner as he signed the one sued on, and heretofore set out in this opinion; a part of the stock thus held by him was subsequently sold, and the proceeds turned over to the bank.    The note given by the trustee was

renewed every six months, the amount of the new note being reduced according to the amount received on account of stock sold of that held by him as such trustee. The stock thus held by him as trustee appeared on the books of the bank in his name as trustee, and no part of the dividends declared on such stock was ever paid to or received by him, but were credited to the bank. It does not appear how Mr. Tyler became the trustee to hold this stock for the bank, but it does appear that he was not, so far as the records of the bank disclose, selected by an order of the board of directors.

It has been held, in many cases, that if a party, although merely an agent, yet signs a note with his own name, simply affixing to his signature the word "agent," "president," "cashier," "trustee," or "secretary," he is liable as a maker, such affix being merely descriptive of the person, and not of the character of the liability. *Mears* v. *Graham*, 8 Blackf. 144; *Prather* v. *Ross*, 17 Ind. 495; *Kenyon* v. *Williams*, 19 Ind. 44; *Hobbs* v. *Cowden*, 20 Ind. 310; *Hayes* v. *Brubaker*, 65 Ind. 27; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Casco Nat'l Bank* v. *Clark* (N. Y.), 34 N. E. Rep. 908; *Bryson* v. *Lucas*, 84 N.C. 680; *Dayton* v. *Warne*, 43 N. J. L. 659; *Faw* v. *Meals*, 65 Ga. 711; *Scott* v. *Baker*, 3 W. Va. 285; *Sturdivant* v. *Hull*, 59 Me. 172; *Hypes* v. *Griffin, Admr.*, 89 Ill. 134; *Powers* v. *Briggs*, 79 Ill. 493; *Tilden* v. *Barnard*, 43 Mich. 376; *Swarts* v. *Cohen*, 11 Ind. App. 20, and cases cited.

These holdings are based on the general principle, that the person signing the obligation is the principal, unless it clearly appears that he is simply signing for another whose identity is unmistakable. But if the payee knows that the person signing the obliga-

tion does not sign or execute it as his individual undertaking, but that he signs it as the agent or representative of and for another, he cannot enforce it against such agent.

From the facts disclosed in this case, it appears that the decedent was simply holding the stock in his name, as trustee for the bank, and that he executed the note sued on, not for any indebtedness due from him to the bank, but merely as the agent of the bank. The reason why it was considered best to have this unsold stock held by a trustee is not disclosed, but it was evidently for a purpose deemed best for the interests of the bank. The decedent did not own the stock, and received no benefit from its being in his name, and we can see no reason why now, that he is dead, that his estate should be mulcted, simply because the bank became insolvent. The bank officials were conversant with the manner in which the stock was held, and that the note sued on was not given as the personal obligation of the decedent, but in his capacity as trustee. Under these circumstances, the appellee is not entitled to recover in this action. There are no elements of estoppel in this case, hence it is unnecessary to consider or cite the many authorities to which our attention has been called.

Judgment reversed, with instructions to sustain appellant's motions for a new trial.

Filed March 25, 1896; petition for rehearing overruled May 8, 1896.