EDWIN R. JUMP, trustee, *vs.* JOHN H. SPARLING.

Suffolk. March 12, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Bills and Notes. Negotiable Instruments Act. Corporation,* Officers. *Bankruptcy,* Rights of trustee.

Under the provision of the negotiable instruments act in R. L. c. 73, § 37, that "where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability," the treasurer of a corporation, who signs a negotiable promissory note with his own name adding the word "Treasurer" followed by the name of the corporation, executing the note at a meeting of and by authority of the directors of the corporation, believing that he is executing a note of the corporation, and the note thereupon being given in payment of a claim against the corporation, is not liable personally on the note and has a good defense at law if he is sued on it.

Under U. S. St. 1910, c. 412, § 8, a trustee in bankruptcy, when suing on a negotiable promissory note of which his bankrupt is the payee, has the rights that an attaching creditor would have, which can be no greater than those of the bankrupt.

CONTRACT by the trustee in bankruptcy of David F. Burns on the promissory note set forth in the opinion, of which that bankrupt was the payee. Writ in the Municipal Court of the City of Boston dated July 24, 1913.

The defendant's answer is described in the opinion. In the Municipal Court the case was tried before *Duff,* J., who ruled that upon the evidence, which is described in the opinion, the defendant signed the note in a representative capacity and not as a

principal, and that the plaintiff was not entitled to recover. At the request of the plaintiff he reported the case for determination by the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the plaintiff appealed.

*W. H. Thorpe,* for the plaintiff.

*O. Storer,* for the defendant.

RUGG, C. J. This is an action upon a promissory note of the tenor following:

"$596.20                    Boston, Nov. 19th, 1908.

On demand after date we promise to pay to the order of David F. Burns Five Hundred and ninety-six 20/100 dollars. Payable at State Street Trust Co. Boston Mass.

Value received with interest.

J. H. Sparling, Treas.
Stratton Engine Co.
David F. Burns, Pres.
Stratton Engine Co."

The plaintiff is the trustee in bankruptcy of the payee. Oral evidence was received to the effect that both Burns and the defendant signed the note in their respective capacities as officers of the Stratton Engine Company, that it was executed at a meeting and under the direction of the board of directors of that company, that both Burns and the defendant believed they were executing the note of the company, that the note was given in payment of a claim against the company, and that the defendant received no consideration for his signature. The answer pleaded these facts by way of equitable defense and averred further that, if the phraseology of the note had the legal effect of binding him personally, there was accident and mistake in the use of such words. The equitable defense was properly pleaded under R. L. c. 173, § 28, as amended by St. 1913, c. 307; but, as later is pointed out, the facts set forth constituted a legal defense.

Under the law previous to the enactment of the negotiable instruments act, the defendant corporation would not have been held on this note. It would have been not the note of the corporation, but simply the personal note of the two individuals who signed. *Davis* v. *England,* 141 Mass. 587. *Tucker Manuf.*

*Co.* v. *Fairbanks,* 98 Mass. 101. A change in the law in this respect has been wrought by that act. R. L. c. 73, § 37, is as follows: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." These words plainly imply that if the person signing a promissory note adds to his signature words describing himself an agent or as occupying some representative position which at the same time discloses the name of the principal, he shall be exempted from personal liability, while, if he omits the name of the principal, although adding words of agency, he will be held liable personally and the words of agency will be treated simply as *descriptio personæ.* In this respect the common law rule of this Commonwealth whereby agents bind themselves by a form of signing a note such as the one at bar, even though acting with authority, *Haverhill Mutual Fire Ins. Co.* v. *Newhall,* 1 Allen, 130, is abrogated. The agent now relieves himself from liability by a form of signature whereby he is described as agent of a disclosed principal. This conclusion is not at variance with *Tuttle* v. *First National Bank of Greenfield,* 187 Mass. 533, and *Dunham* v. *Blood,* 207 Mass. 512, nor with *Carr* v. *Leahy,* 217 Mass. 438. Where a trustee executes a note in his trust capacity he is liable personally. Of course, if one signs as agent when he is not, he is liable as principal.

Although the law on this point in other jurisdictions before the passage of the negotiable instruments act may have differed from that of this Commonwealth, the result here reached appears to be in harmony with the rule now generally prevailing under that act. See *American Trust Co.* v. *Canevin,* 107 C. C. A. 543; *Briel* v. *Exchange National Bank,* 172 Ala. 475; *Western Grocer Co.* v. *Lackman,* 75 Kans. 34; *Phelps* v. *Weber,* 55 Vroom, 630; *Megowan* v. *Peterson,* 173 N. Y. 1; *Citizens National Bank* v. *Ariss,* 68 Wash. 448.

The plaintiff as trustee in bankruptcy has no greater rights in this respect than the bankrupt himself had. U. S. St. 1910, c. 412, § 8, relied upon by him, confers upon the trustee the rights of an

attaching creditor. Such rights in this respect are no greater than those of Burns suing as an individual plaintiff.

*Order dismissing the report affirmed.*