## LEE v. LITTLE.

No. 9990—Opinion Filed March 15, 1921.

Rehearing Denied April 26, 1921.

(Syllabus.)

1. **Evidence—Admissions by Pleadings—Effect.**

Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court or on appeal, when properly preserved in a transcript or case-made so long as they remain a part of the record. If the statements or admissions were made under an honest mistake or misapprehension of what the facts really were, and he desires to be relieved from the effects thereof, he should apply to the trial court for leave to withdraw such admission or pleadings.

2. **Principal and Agent—Unauthorized Acts —Ratification—Acceptance of Benefits.**

Where one voluntarily and with knowledge of the facts accepts the benefits of an

act purporting to have been done on his account, by one claiming to act as his agent, though without authority, he thereby ratifies such act and makes it his own as fully as though he had authorized it in the beginning, and he may not ordinarily take the benefits and reject the burdens, but must either accept them or reject them as a whole.

**3. Same — Payment—Sufficiency — Bank as Agent.**

Where one who is bound to pay money to another, instead of paying said money direct, or in accordance with the contract of the parties, pays the money to a bank for the other, he thereby makes the bank his own agent and makes such payment at his own risk, and in order to avoid liability it is necessary for him to show that the other received the money from the bank.

**4. Appeal and Error—Review—Equity Case.**

In a case which is cognizable only in a court of chancery, it is the duty of the court to consider the whole record, to weigh the evidence, and when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as the trial court should have rendered.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by Addie Lee against Frank Little for cancellation of a deed given by plaintiff to defendant. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Jones & Foster, for plaintiff in error.

Kornegay & Probasco, for defendant in error.

NICHOLSON, J. This suit was instituted by the plaintiff in error, as plaintiff below, against the defendant in error, defendant below, in the district court of Washington county, seeking the cancellation of a deed executed by plaintiff to defendant on the 18th day of December, 1914, purporting to convey the following described land lying and situate in Washington county, to wit: The north half of the northwest quarter and the north east quarter of the southwest quarter of the northwest quarter or section 8, township 23 north of range 13 east, containing 90 acres, more or less.

It appears that the plaintiff is a Cherokee Indian by blood and that the land involved is a portion of her allotment. The ground upon which cancellation of the deed is sought is that the same was procured by fraud and misrepresentation on the part of T. A. Foreman, who it is alleged was the agent of the defendant in purchasing said land, both as to the value of said land and as to the payment of the purchase price.

At the time of the transaction here involved, the plaintiff was 18 years of age, and resided with her aunt in Siloam Springs, Ark. In November, 1914, one T. A. Foreman went to the home of the plaintiff in Siloam Springs, Ark., stating that he desired to purchase said land for the defendant, Little, and offered to pay therefor the sum of $800; Foreman stating that the land was of little value and advising her to take this sum for the land. It appears that Foreman was an old friend of plaintiff's family, but she herself had not seen him since she was a small child, and had no correspondence with him; that he brought with him an instrument in writing already prepared, which plaintiff signed, but as to the contents of which she had no knowledge except as represented to her by Foreman, that is was a deed conveying said land. At the time of the execution of this deed, no money was paid to the plaintiff, but Foreman gave her a check payable to her order for the sum of $400, and gave Kate Ford, her aunt, with whom she resided, a check for $100, promising to pay the remainder of the consideration within a few days. Both checks were presented to the First National Bank of Westville, Okla., upon which they were drawn, and payment was refused on account of insufficient funds. Thereafter, and on December 18, 1914, Foreman returned to the plaintiff's home and presented to her the deed sought to be canceled in this suit, which deed conveyed the land in controversy, together with 50 acres additional, to the defendant. At the time Foreman presented this second deed to plaintiff he stated to her that the conveyance formerly executed by her was not satisfactory, and that this was the reason the consideration had not been paid. He further stated to her that if she would sign this second deed, the money would be paid to her or placed in the First National Bank of Siloam Springs the next morning, and, acting upon the faith of this representation, plaintiff signed and acknowledged said deed and delivered it to said Foreman. She thereupon attempted to collect the checks, but payment was again refused, and she was at all times unable to collect said checks; she received no consideration for the land conveyed to the defendant except the sum of $100, which Foreman paid her in cash on New Year's night, 1915. It further appears that at the time of the execution of the deed sought to be canceled and long prior thereto, the defendant was in possession of the land and continued in possession thereof, claiming title under said deed.

The defendant filed a verified answer, denying that Foreman was his agent and averring that he was the agent of the plaintiff

for the sale of said land. To this answer the plaintiff filed a reply duly verified, denying said agency.

The plaintiff requested the court to make findings of fact and conclusions of law, and the court made findings of fact by which he found, in substance, that the plaintiff is a member of the Cherokee Tribe of Indians, and that the land described was allotted to her as a portion of her proportionate share of the lands of said tribe, and further found as follows:

"That on or about November 28, 1914, one T. A. Foreman came to the home of plaintiff's aunt, with whom she was residing, at Siloam Springs, Arkansas, and thereupon produced a written instrument which he stated to plaintiff was a deed to the land described in the first paragraph hereof, and that he (Foreman) wanted the said land for the Littles.

"The plaintiff was at said time a little over eighteen years of age; that T. A. Foreman was a friend of plaintiff's family and she had known him in her childhood, but had not seen him for five years prior to his coming to her home at Siloam Springs, Arkansas.

"That soon thereafter plaintiff and the said Kate Ford presented the checks given by, said Foreman for payment, and payment thereof was refused, said checks being returned by the First National Bank of Westville, upon whom they were drawn, with notation 'insufficient funds.'

"The court further finds that thereafter and on or about the 18th day of December, 1914, the said T. A. Foreman returned to plaintiff's residence at Siloam Springs, Arkansas, and presented another paper for her signature, explaining that the first deed executed by her was no good and that it was necessary for her to execute this second paper.

"That upon the representations of said Foreman, plaintiff executed the deed conveying the land above described to the defendant, Frank Little, and acknowledged said deed before J. N. Perry, a notary public, in and for Benton county, Arkansas.

"That the deed executed by said plaintiff on said 18th day of December, 1914, was the original deed introduced in evidence as plaintiff's Exhibit C.

"That said checks have never been paid.

"That later, and about January 1, 1915, said T. A. Foreman returned to the home of plaintiff's aunt at Siloam Springs, Arkansas, and paid the plaintiff one hundred ($100) dollars in cash, which said payment was the only consideration ever received by her for the conveyance of the land described in the first paragraph of these findings.

"I find from all the evidence that plaintiff is not entitled to recover."

Thereupon judgment was rendered in favor of the defendant. The court refused to make other findings of fact requested by the plaintiff which it is unnecessary here to consider, owing to the conclusions reached.

The principal inquiry in this case is whether Foreman, who procured the deed from the plaintiff, was the agent of the defendant in the transaction, and whether the defendant by accepting said deed and the benefits of said transaction ratified the acts of Foreman, including his misrepresentations and the breach of his promise to pay the plaintiff the consideration agreed to be paid for said conveyance.

The plaintiff in her petition alleges that Foreman was the agent of said defendant. In the answer of the defendant, which is verified, he specifically denies that Foreman was his agent and avers:

"That in truth and in fact the plaintiff voluntarily executed to the defendant on the 18th day of December, 1914, a deed, and without the acknowledgment is as follows: (here follows copy of the deed sought to be canceled). * * * He further says that said Foreman was the agent of the plaintiff to sell the land to this defendant and if the plaintiff did not receive all that Foreman represented to her that she would receive, it was not the fault of this defendant. He further says that he paid for the land all that it was worth. He further says that W. H. Mitchell was the guardian of the plaintiff and that he conducted a probate sale of fifty acres of the land that was allotted to plaintiff and the land was deeded to Joe Little and Company, a copy of the deed being as follows: (setting out said guardian's deed). That the purpose of inserting said land so transferred in the guardian's deed was to save any criticism of the name of the transferee in the guardian's deed, and that these are the only corrections of which the defendant has any knowledge. * * *".

The plaintiff filed reply, duly verified, specifically denying that Foreman was her agent to sell said land to the defendant.

The trial court found as a fact that Foreman on the occasion of his first visit to plaintiff produced a written instrument which he stated to plaintiff was a deed to the land and that he (Foreman) wanted the land for the Littles. The court further found that Foreman returned to plaintiff's residence on or about December 18, 1914, and presented another paper for her signature, stating that the first deed executed by her was no good, and that it was necessary for her to execute this second paper, and that upon the representations of said Foreman plaintiff executed the deed conveying the land to the defendant, and that the deed executed on December 18, 1914, was the original deed introduced in evidence as plaintiff's "Exhibit C." This is the deed that defendant says in his answer was voluntarily

executed to him by the plaintiff and in which was included 50 acres additional which had been sold by the guardian of the plaintiff to Joe Little and Company, of which firm the defendant was a member, and in which a consideration of $810 was recited.

The admissions in his answer convince us that this deed was prepared or corrected by or for the defendant. These admissions should be treated as admitted facts, and the defendant will not be heard to question the correctness thereof at any stage of the case either in the trial court or on appeal. Jones on Evidence, sec. 274; Rogers v. Brown, 15 Okla. 524; E. T., V. & G. R. Co. v Kane (Ga.) 18 S. E. 18, 22 L. R. A. 315.

The deed set out in said answer is the deed for which Foreman agreed to send the money to the First National Bank of Siloam Springs the next day after its execution. He did not send this money to the bank, but returned on January 1, 1915, and paid the plaintiff the sum of $100. This is the only sum the plaintiff ever received for the 90 acres of land, and the trial court so found. There does not appear in the record any evidence tending to prove that Foreman was the agent of the plaintiff. In fact, the evidence indicates that Foreman was acting for the defendant. He stated to the plaintiff that he wanted the land for the Littles. The deed was executed to the defendant and was by him or his agent placed of record, and he claims title thereunder. Having accepted the benefits of the transaction conducted by Foreman, he must assume the burdens thereof, and must be held to have ratified Foreman's acts, and cannot now deny his authority. No principle of law is more firmly established or more rigidly applied than that where one ratifies the unauthorized contract of another made in his behalf, he will be held as principal, where, after knowledge thereof has been brought to his attention, he gives it his express sanction and adopts it as his own, or so conducts himself that the law will imply a sanction and adoption of such contract. Ratification is equivalent to antecedent authority and as between principal and agent relates back and has the same effect as if authority had been given in the first instance. Elliott on Contracts, sec. 4551; 31 Cyc. 1246; U. S. F. & G. Co. v. Shirk, 20 Okla. 576, 95 Pac. 218; Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709; Antrim Lbr. Co. v. Okla. State Bank, 65 Okla. 25, 162 Pac. 723; Amazon F. Ins. Co. v. Bond, 65 Okla. 224, 165 Pac. 414; Rush v. Leavitt (Kan.) 162 Pac. 310; Gallup v. Liberty Co. (Tex. Civ. App.) 122 S. W. 291. In Whitcomb v. Oller, supra, the court says:

"In addition to the evidence of agency and proof of authority to the agent, the rule may properly be invoked that when a principal, after knowledge that an agent, without authority, has purchased for him certain property, retains possession, and uses the same for a considerable period of time, and obtains the benefit thereof, such acts constitute a ratification of the unauthorized acts of the agent, and render the principal liable for the payment of the purchase money."

H. C. Bigham, cashier of the Citizens' State Bank of Ramona, testified for the defendant, that a draft or cashier's check issued by him and payable to the order of the Bank of Westville, Oklahoma, for $786.15 was in payment for the deed from plaintiff to defendant, and he further identified a check on the Citizens' State Bank of Ramona drawn by himself on the account of Joe Little for the sum of $786.15 which recited: "Pay to Dft. for Addie Lee, or bearer." This check was paid, as was also the draft drawn by the Citizens' National Bank of Ramona and payable to the Bank of Westville. The plaintiff objected to the introduction of this evidence, and in our opinion her objections should have been sustained, but treating the evidence as competent, and giving it full weight, it does not aid the defendant, but, to the contrary. tends to establish the fact that the defendant was familiar with the transaction between the plaintiff and Foreman. It will be borne in mind that the deed was executed on December 18, 1914, and this check and draft bear date December 22, 1914, four days after Foreman obtained the deed. Bigham testified that the difference between the amount of said draft and the sum of $810, the recited consideration in the deed, was for "back taxes and the costs of abstract." This evidence refutes the averment in the defendant's answer that the plaintiff voluntarily conveyed the land to him and shows that he knew the plaintiff had not received the consideration agreed to be paid.

There is no evidence whatever indicating that the plaintiff had authorized the Bank of Westville to collect this money, but the evidence is uncontradicted that the money was to be sent to the First National Bank of Siloam Springs, Ark.; therefore, if this money was by the defendant sent to the Bank of Westville in payment for said land, he thereby made the bank his own agent, and made such payment at his own risk. Halsell et al. v. Renfrow et al., 14 Okla. 674, 78 Pac. 118. The defendant did not attempt to prove that the plaintiff received this money, or any part thereof, and in order for him to escape liability it was necessary for him to show that the plaintiff received the money from the bank. The defendant did not testify, and neither was Foreman placed upon the witness stand, and they of all persons could establish the facts and circumstances attending this somewhat singular transaction. The plaintiff in her petition tenders the sum of

$100, paid to her by Foreman, and also tenders the checks given to her by him, payment of which was refused.

We have carefully reviewed the evidence and are convinced that the judgment is clearly against the weight of the evidence, and that the judgment of the trial court should be reversed and the cause remanded, with directions to set aside the judgment in favor of the defendant and enter judgment for the plaintiff in accordance with the prayer of her petition upon her making good the tender of $100 paid her by Foreman, and on the return of the two checks given her by him, and it is so ordered.

HARRISON, C. J., and PITCHFORD, Mc-NEILL, and ELTING, JJ., concur.