## HOME INSURANCE CO. OF N. Y. v. WHITCHURCH.

No. 16367. Opinion Filed July 26, 1927.

Withdrawn, Corrected, and Refiled, and Rehearing Denied Oct. 15, 1929.

Rittenhouse & Rittenhouse and R. U. Livesay, for plaintiff in error.

Wm. G. Davisson and Geo. A. Ahern, for defendant in error.

TEEHEE, C. This was an action brought on October 25, 1923, by Clifton G. Whitchurch, as plaintiff, defendant in error here, against the Home Insurance Company of New York, a foreign corporation, as defen-

dant, plaintiff in error here, for the recovery of $500 on a fire insurance policy, a copy of which, by exhibit, was made a part of the petition. The parties will hereinafter be referred to as they thus appeared in the trial court.

Plaintiff in his petition alleged that he was conducting a business known as the Whitchurch Supply House in the city of Ardmore, Okla.; that defendant, upon payment by plaintiff of a premium of $15.50, through its duly authorized agent, issued its policy of insurance. The policy, being in the usual standard form, recited that the property insured was a certain coupe automobile, motor No. F-522, owned by plaintiff; that the amount of insurance was $500; that the automobile was kept at plaintiff's place of business, which was that of dealer of trucks and automobile accessories. The plaintiff further alleged that the building in which his business was conducted was, on April 12, 1923, together with his stock of goods therein, destroyed and greatly damaged by fire, by reason whereof his loss was $500, and that he had complied with the conditions imposed upon him with respect to such loss. To this petition defendant demurred: First, because of insufficiency to state a cause of action; and, second, that the value of the property and the description was not set forth, which also went to the sufficiency of the petition to state a cause of action; which demurrer was by the court overruled.

Thereupon defendant answered by general denial, but admitted the issuance and delivery of the insurance policy as alleged by plaintiff, and further set forth that the plaintiff made certain incorrect and fraudulent representations as to the description and value of the property in the proof of loss filed, and falsely swore to certain matters in connection therewith, by reason whereof the policy was rendered of no force and effect as against the defendant, and that upon the filing of the proof of loss defendant demanded that plaintiff submit to a sworn examination touching the said matters, and that upon such examination plaintiff testified falsely in relation thereto whereby and by reason whereof, defendant was relieved of liability under said policy. Defendant further answered that the alleged loss and damage to the property described in plaintiff's petition resulted from causes not insured against, for which reason also its liability was thereunder terminated. Plaintiff traversed by replication all new matter contained in the answer.

On September 15, 1924, the cause was called for trial, at which time plaintiff asked leave of the court to file an amended petition to include "that the stock and merchandise was owned by the plaintiff as mentioned and described in the policy of the insurance. In other words that this plaintiff was the owner thereof," etc., which was by the court granted. The amended petition was filed on September 16, 1924, which set forth that the plaintiff was transacting a general automobile garage and supply business in the city of Ardmore; that defendant issued its policy insuring plaintiff against loss in the sum of $500 on a coupe automobile, motor No. F 522, mentioned and described in the policy of insurance, which, by exhibit, was made a part of the amended petition, and that the building occupied by plaintiff, in which his business was conducted, was destroyed by fire on April 12, 1923, in which fire the automobile insured was burned and wholly destroyed, and that at the time of the loss he was the owner thereof, and that its value was $1,000, in which sum he was damaged; that he had furnished proof of loss and otherwise had complied with the conditions imposed upon him in said premises, and by reason of such loss prayed for recovery of the full face of the policy in the sum of $500.

Defendant filed its motion to strike from the files this amended petition on the grounds that the original petition had failed to state a cause of action by reason of having alleged damage to certain merchandise not covered by the policy, and that the amended petition undertook to set forth a cause of action for damages to a certain automobile, and that this variance constituted a departure; that since the original petition was deficient, and that if the amended petition stated a cause of action under the terms of the policy, the same was barred by the limitation of one year contained in the contract. The motion was overruled, whereupon defendant filed its demurrer based upon like grounds. This also was by the court overruled, whereupon, on September 29, 1924, defendant filed its answer to the amended petition which reiterated the special defenses set forth in its original answer, and further set out that the amendment stated a different cause of action than that set forth in the original petition, and that since it was filed more than one year after the date of the fire, under the terms of the policy, the same was barred. Plaintiff, by replication, traversed all new matters therein set forth.

On October 13, 1924, the cause was called for trial. Objections were interposed by the

defendant to the introduction of any testimony by the plaintiff on the grounds set out in its demurrer, which were by the court overruled. The cause was submitted to a jury, which rendered a verdict for the face amount of the policy, whereupon judgment was rendered by the court in said sum for plaintiff, from which action of the district court defendant in due time lodged its appeal in this court.

For the reversal of this judgment defendant urges three propositions, namely: First, "refusal to re-open the case"; second, "limitation of the action"; third, "failure to file proof of loss."

We will first consider defendant's second proposition. Under this heading defendant contends that the cause of action set out in the amended petition was barred, and that in the circumstances it could not be considered as an amendment of the original petition. This contention is based on the ground that the original petition alleged the loss of a stock of goods, whereas the amended petition alleged the loss of an automobile, and thus the cause of action was changed, and the second action having been filed more than a year after the loss, under the terms of the policy sued on, it was barred. This phase of the case, under the rule laid down in United States Fire Insurance Company v. Whitchurch, 138 Okla. 182, 280 Pac. 834, with which the cause at bar measurably may be regarded as a companion case, must be determined adversely to the defendant unless the point made by it, that the original petition alleged a loss of a stock of goods and the amended petition an automobile, would sustain the proposition that a new cause of action was thus stated,

It may here be observed that both petitions in the cause in hand declared upon the same identical insurance policy. This is the basis of the action. This feature was likewise true in the United States Fire Insurance Company Case, which arose by virtue of the same cause of loss.

As in that case, the defendant here challenged the sufficiency of the original petition to state a cause of action by demurrer: First, upon the general ground that it did not state facts sufficient to constitute a cause of action; and, second, upon a special ground that it failed to set out the value and the description of the property for the loss of which recovery was sought; and for those reasons likewise being insufficient to state a cause of action, and by objection to the introduction of any evidence by plaintiff upon the trial of the cause based on like grounds though the trial proceeded upon the amended petition, which demurrer and objection were by the court overruled. In view of the fact that the trial proceeded upon the amended petition, which was filed by leave of the court, and as likewise held in the above case, it is not here necessary to determine whether or not the demurrer to the original petition should have been sustained, though it is necessary to be guided by the rules in that premise in determining whether or not the point of variance between the original and the amended petitions in relation to the property involved was in fact vital.

It is well established that when challenged, "the allegations of a petition must be construed in connection with the exhibits attached and referred to in the petition." Southern Surety Co. v. Chambers, 72 Okla. 307, 180 Pac. 711; Westchester Fire Insurance Co. v. McDonald, 123 Okla. 289, 253 Pac. 287; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Southern Surety Co. v. Municipal Excavator Co., 61 Okla. 215, 160 Pac. 617; Ross v. Breene, 88 Okla. 37, 211 Pac. 417. The exhibit set out both the value and description of the property involved, and while the petition recited a "stock of goods," yet, the exhibit was definite and set out that the property insured under the policy was a certain coupe automobile, motor No. F-522. While the term "stock of goods" in its broad sense may include an automobile, nevertheless, it is unnecessary here to so determine, for it is also well established that:

"Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint." Hyde v. City of Altus, 92 Okla. 170, 218 Pac. 1081; First National Bank v. Jones, 2 Okla. 353, 37 Pac. 824; Bowker v. Linton, 69 Okla. 280, 172 Pac. 442.

Under these authorities it may with plausible reason be concluded that the term "stock of goods," employed by the pleader in the original petition, must have been used in a convertible or exchangeable sense, and thus as a synonym for "automobile"; however, since the insurance policy was the foundation of the cause of action alleged in both the original and the amended petitions, it must be held that the variance pointed out was not vital, and that no new cause of action was stated in the amended petition, but, on the contrary, it was the perfection of the statement of the cause of action imperfectly pleaded in the original petition and thus the

4

case in this relation is controlled by United States Fire Insurance Company v. Whitchurch, supra. In that case the court, concluding its discussion of the rule here applicable, used this language:

"In the case at bar the original petition declared upon a contract of insurance and attached a copy of the policy. It was not good when challenged by demurrer. This much is conceded. Later an amendment was filed. If the original action had been filed on the date of the amendment, it would have been barred by the special statute of limitations of one year for recovery upon insurance policies. The amended petition did not state a new or different cause of action; it sought to recover upon the same policy, same parties plaintiff and defendant; the same fire and the same property destroyed. The original petition, if judgment had been entered thereon, would have been sufficient to sustain a plea of res judicata, as the amendment did not state a new and different cause of action, but merely perfects an imperfect statement of a cause of action alleged in the original complaint. Such an amendment related back to the beginning of the action. The amendment did not introduce a new or different cause of action; the action was for exactly the same injury upon the same contract and remained identically the same.

"Under our pleadings an amendment being to correct defects, its operation is retroactive and makes the pleading, process, or proceeding as if the defect therein had never existed. Measured by the foregoing rules, which have been approved by this court, there can be no doubt but that the facts stated in the original petition in the case at bar, which read in the light of the amendments as set forth in the amended petition is but the ·perfection of the imperfect statement of the cause of action attempted to be stated and not the statement of a new or different cause of action. We are of the opinion that the trial court did not err in permitting the amendment and that the same related back to the beginning of the action and was not barred by the statute of limitations."

Thereupon the court stated the rule, to wit:

"Where an original petition sought to recover on a fire insurance policy and the same was not good as against a general demurrer, but set out the names of the parties plaintiff and defendant, alleged the contract of insurance as between the plaintiff and defendant, attached a copy of said insurance policy to the petition and made it a part thereof, and alleged the fire and damage by reason thereof, and after the statute of limitations has become complete an amended petition was filed which did not state a new or different cause of action and did not change substantially the plaintiff's claim, it is but the perfection of the imperfect statement of the cause of action originally stated. Held, the amended petition relates back to the filing of the original petition, and the action was not barred by the statute of limitations of one year."

We next consider defendant's third proposition, that there was by plaintiff a "failure to file proof of loss," as required by the terms of the policy. Hereunder defendant contends that the evidence was insufficient to establish plaintiff's allegation that proof of loss was furnished in the manner fixed by the terms of the policy, and that such proof showed that a sedan type of automobile was destroyed by the fire, whereas the policy insured the loss of a coupe style of automobile.

Upon the first phase plaintiff contends that defendant is concluded by both its answer and the verdict of the jury. The relevant part of defendant's answer is as follows:

"Defendant further alleges and says that the said property described in plaintiff's petition and the value thereof was not properly described and set forth in the alleged proof of loss filed herein, and that in said proof of loss the said plaintiff swore that said property was practically new property and was of a value far in excess of the value of said property; that is to say, the plaintiff made proof of loss and swore that said property was practically new and valued said property as new property, when in truth and in fact, said car was an old car and was assembled by plaintiff from old parts and some new parts, and had very little value, if any; and this defendant alleges that said false swearing by the assured touching said matters relating to the value of his said property so insured, and the subject thereof, were false and rendered the policy sued on herein null and void, and that by reason thereof said policy at the time of the institution of this suit and at the time of the filing of said false and fraudulent proof of loss was null and void, and is now null and void, and that by reason thereof plaintiff is not entitled to recover under the terms of said policy."

"This defendant further alleges that after the filing of said false and fraudulent proof of loss, as aforesaid, by said plaintiff, with this defendant, that this defendant under and by virtue of the terms and conditions of said policy demanded of the plaintiff that he submit to a sworn examination as is provided by the terms and conditions of said policy," etc.

The effect of the answer in this respect is that plaintiff filed the proof of loss in the manner required by the terms of the policy, but that it was false and fraudulent, and for that reason plaintiff was not entitled to recover. The criminality set out appears to

have been abandoned, as it is not urged on appeal.

Upon the question of proof of loss plaintiff testified that on the date of the fire he notified the local agent from whom he secured the policy of his loss; that on the same date a representative of the defendant appeared and examined the policy; that within ten days of the loss he notified defendant thereof by mail, and that within 60 days, as per the terms of the policy, proof of loss was made to the defendant by registered mail, and that such proof of loss was sworn to. Upon cross-examination defendant undertook to show that the proof of loss was not in fact sworn to, and that the description of the property destroyed was given as a sedan, which was at variance with the property described in the policy. The record does not disclose that defendant sought either to amend his answer or withdraw the same in this respect, and thus relieve itself of the admission that a sworn proof of loss had been made.

"Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court or on appeal, when properly preserved in a transcript or case-made, so long as they remain a part of the record. If the statements or admissions were made under an honest mistake or misapprehension of what the facts really were, and he desires to be relieved from the effects thereof, he should apply to the trial court for leave to withdraw such admission or pleadings." Lee v. Little, 81 Okla. 168, 197 Pac. 449; Brown v. Hartford Fire Insurance Co., 108 Okla. 90, 234 Pac. 352; Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 Pac. 412.

As indicated, defendant apparently abandoned its claim that the proof of loss was false and fraudulent; hence, under the foregoing authorities, it is not in position to here challenge the sufficiency of this requirement of the policy, and we need not here consider the other point made by plaintiff in this connection, though, as already indicated, there was evidence in the record which must have been determined as sufficient by the jury, since it returned its verdict for the plaintiff, unless the other point made by defendant, that there was a variance in the description of the property destroyed in that the proof of loss showed the property as being of a sedan type of automobile, whereas the policy of insurance was against the loss of a coupe style of automobile, was vital.

In this connection, the record shows that both the plaintiff and the agent of the defendant testified that before writing the policy, the agent inspected the automobile, and that together they fixed the value thereof; that the agent knew the condition of the automobile, and hence, the information necessary to be incorporated in the policy was secured by first-hand inspection and examination. Where, under the facts as here disclosed, the owner of an automobile applies for fire insurance, and the agent of the insurance company examined and satisfied himself as to the value, style, and condition of the automobile, and thereupon after ascertaining such facts prepared the policy of insurance, if, in an action to recover on such policy, it appears that there is a misdescription in the type or style of the automobile, this variance is not available as a defense. Berryman v. Maryland Motor Car Insurance Co., 199 Mo. App. 503, 204 S. W. 738; Zackwik v. Hanover Fire Insurance Co. (Mo. App. 225 S. W. 135; Northwestern National Insurance Co. v. Chambers, 24 Ariz. 86, 206 Pac. 1081.

Defendant next contends that the court committed error in its "refusal to re-open the case," in order that one of plaintiff's witnesses may have been recalled to the stand for further examination by the defendant relative to the identity of one of defendant's witnesses with whom plaintiff's witness testified he had a conversation of an impeaching character. This was a matter that involved the exercise of a sound judicial discretion. On appeal it is not always an easy matter to find the line of demarcation between the rightful exercise and the abuse of that discretion. The record shows that this request was made after both sides had rested and after defendant unsuccessfully requested a directed verdict in its favor. It further shows that there was opportunity at the time the particular witness was on the stand to test the ability of the witness to identify the party with whom he had the conversation testified to, as the defendant's witness was in the court room at the time, and when placed on the stand in rebuttal, this witness testified that he saw plaintiff's witness on the stand, that he was unacquainted with him, and that he did not have any such conversation.

In these circumstances this court cannot say that there was that abuse of discretion, if any, to warrant a reversal of this case on that ground. Federal Life Insurance Co. v. Whitehead, 73 Okla. 71, 174 Pac. 784; Insurance Company of the State of Pennsylvania v. Harris et al., 49 Okla. 165, 152 Pac.

359; State Bank of Westfield v. Kiser et al., 46 Okla. 180, 148 Pac. 685.

For the reasons stated, therefore, the judgment of the district court is affirmed.

BENNETT, FOSTER, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note—See under (3) 26 C. J. p. 506, §713; 37 C. J. p. 1072, §509; anno. 3 L. R. A. (N. S.) 268; 47 L. R. A. (N. S.) 932; 17 R. C. L. p. 821. 21 R. C. L. p. 476. (3) 31 Cyc. p. 561; 26 C. J. p. 490, §690; 31 Cyc. pp. 556, 561, 564. (4) 22 C. J. p. 333, §373; p. 422, §505. (5) 26 C. J. p. 490, §690. (6) 4 C. J. p. 818 §2788; 38 Cyc. pp. 1360, 1361.