## KILPATRICK et al. v. PLUMMER.

No. 19588. Opinion Filed July 8, 1930.

Rehearing Denied Sept. 30, 1930.

C. C. Mount and McCrory & Monk, for plaintiff in error.

T. F. Shackelford, for defendant in error.

EAGLETON, C. Mrs. W. M. Plummer brought suit naming Garnet A. Kilpatrick and W. M. Plummer, trustees, and the Henryetta Oil & Gas Company defendants. The cause of action was founded upon the following note:

"When Due Demand No. _____ $3500/00
"Henryetta, Okla., 3/31, 1923

"On demand after date, for value received, I, we, or either of us, promise to pay to order of Mrs. W. M. Plumer three thousand and five hundred and no-100 dollars payable at Henryetta, Okla., with interest at the rate of ten per cent. per annum from __ until paid, with ten per cent additional as attorney's fees should this note be placed in the hands of an attorney for collection, or judicial proceedings instituted to collect the same. Demand for payment, protest and notice of dishonor are hereby waived by all parties and we agree to all extensions and partial payments.

"Garnett A. Kirkpatrick, Trustee
"W. H. Plummer, Trustee.

"For the Henryetta Oil and Gas Co."

The prayer was for judgment against Garnet A. Kilpatrick, W. M. Plummer, and the Henryetta Oil & Gas Company, and each of them. The plaintiff obtained judgment against each of the defendants. Garnet A. Kilpatrick alone appeals. The parties here will be referred to as they appeared in the trial court.

Many assignments of error are made and presented here in the briefs of the parties. It will not be necessary to consider all of them to make determination thereof.

We will first consider the alleged error committed by the trial court in failing to sustain defendants' demurrer to plaintiff's evidence. The plaintiff was not present at the trial. Her attorney took the witness stand, testified that he had been delivered the note, had made effort to make collection thereof, identified the note and introduced it in evidence. The defendant demurred to plaintiff's evidence. The demurrer was overruled. Should it have been sustained? Section 7690, C. O. S. 1921, which is section 20 of the Negotiable Instruments Law, reads:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

Unless this instrument is ambiguous, it is the duty of the court to interpret it, and parol evidence is not competent to explain it or vary its terms. (C. O. S., secs. 7687, 5041, and 5042.) First Nat. Bank of Ada v. Womack, 56 Okla. 359, 156 Pac. 207; Cohee v. Turner and Wiggins, 37 Okla. 778, 132 Pac. 1082; Dean Jewelry Co. v. Storm, 64 Okla. 234, 166 Pac. 1046. This court has never had this identical form of signature before it, but in Denman v. Brennamen, 48 Okla. 566, 149 Pac. 1105, the court in commenting on such a situation as this said:

"As a dictum, in the case at bar, we are led to believe that if the notes had been signed, 'Farmers' Union Stock Company, by W. N. Denman, Pres.,' 'Secy.' 'Treas.' or such like, and not followed by other names with the suffixes added, then it unquestionably would have been the note of the corporation, and not susceptible of parol. * * *"

This dictum, of course, is not a determination of this matter, but it is clearly indicative of the then idea of the court and is strongly persuasive on us in our determination.

This court in another recent case, Alexander v. Wright, 135 Okla. 96, 274 Pac. 480, suggested the same idea:

"In other words, the sole question for the court to determine is, on whose behalf was the note executed, and who was the real party bound thereby?"

As was stated in Wright v. Drury Petroleum Corp. (Mich.) 201 N. W. 484:

"The Negotiable Instruments Law (C. L. 1915, sec. 6040 et seq.) speaks with authority, is not handicapped by previous judicial holdings, carries its own definitions, interprets acts, and determines by somewhat arbitrary rules rights, remedies, and liabilities."

The Wright Case quotes with favor 1 Joyce, Defenses to Commercial Paper (2d Ed.) sec 27, wherein it is said:

"Prior to the enactment of this section there were a long line of decisions holding that where one signs an instrument and adds after his signature the words 'agent,' 'trustee,' 'guardian,' 'administrator,' 'secretary,' 'treasurer,' 'president,' etc., he is rendered personally liable, since the use of the affix is regarded merely as descriptio personae, and not as indicating a signing in a

representative capacity, in the absence of words showing that the signing was 'for' or 'on behalf' of another, or words to that effect. But by the adoption of the foregoing section of the statute, the rule of interpreting instruments so .signed has been changed; so that now if one signs an instrument and adds words indicating a representative capacity, and the instrument discloses the principal, and the person signing had authority to sign in a representative capacity, he cannot be held personally liable, the principal alone being liable. If on consideration of the whole instrument a doubt arises whether the instrument was signed in ᴎ representative capacity, parol evidence is admissible to show whether the signing was in a representative capacity or individually."

The Supreme Court of Massachusetts in discussing the interpretation of the same section of the Negotiable Instruments Acts, with reference to this section of the act, in Jump v. Sparling, 218 Mass. 324, 105 N. E. 878, said:

"These words plainly imply that if the person signing a promissory note adds to his signature words describing himself as an agent or as occupying some representative position which at the same time discloses the name of the principal, he shall be exempted from personal liability, while, if he omits the name of the principal, although adding words of agency, he will be held liable personally and the words of agency will be treated simply as descriptio personae. In this respect the common-law rule of this commonwealth whereby agents bind themselves by a form of signing a note such as the one at bar, even though acting with authority, Haverhill Mutual Fire Ins. Co. v. Newhall, 1 Allen, 130, is abrogated. The agent now relieves himself from liability by a form of signature whereby he is described as agent of a disclosed principal. * * * Although the law on this point in other jurisdictions before the passage of the Negotiable Instruments Act may have differed from that of this commonwealth, the result here reached appears to be in harmony with the rule now generally prevailing under that act. See American Trust Co. v. Canevin, 107 C. C. A. 543; Briel v. Exchange National Bank, 172 Ala. 475; Western Grocer Co. v. Lackman, 75 Kan. 34; Phelps v. Weber, 55 Vroom, 630; Megowan v. Peterson, 173 N. Y. 1; Citizens National Bank v. Ariss, 68 Wash. 448."

To the same effect, see Brannon's Negotiable Instruments Law (4th Ed.) sec. 20, and the authorities therein cited. Many cases not arising under the Negotiable Instruments Act have so interpreted similar signatures to contracts and notes. Wheelock v. Winslow, 15 Iowa, 464; Hovey v. Magill, 2 Conn. 680; Long v. Colburn (Mass.) 6 Am. Dec. 160; Ballou v. Talbot (Mass.) 8 Am. Dec. 146; Robertson v. Pope (S. C.) 1

Rich. L. 501, 44 Am. Dec. 267; Rice v. Gove, 22 Pick. 158, 33 Am. Dec. 724; Neptune v. Paxton, 15 Ind. App. 284, 43 N. E. 276; Pearse v. Welborn, 42 Ind. 331; Donovan v. Welch (N. D.) 90 N. W. 262.

This note appears to us to be clear and unambiguous. One would not contend that a note which reads "I, we, or either of us promise to pay," signed by one individual, would be ambiguous. As was said in Cohee v. Turner and Wiggins, 37 Okla. 778, 132 Pac. 1082:

"Bad grammar does not necessarily render the meaning of a writing ambiguous or doubtful."

Here we have a contract which provides, "I, we, or either of us, promise to pay," signed by two trustees, "for the Henryetta Oil and Gas Co." What could be the meaning other than that the trustees signed the note for the Henryetta Oil & Gas Company? The statute provides that where "* * * a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument. * * *" (C. O. S., sec. 7690.) See Williams v. Harris (Ill.) 64 N. E. 988; New England Electric Co. v. Shook (Colo.) 145 Pac. 1002. The demurrer to the plaintiff's evidence should have been sustained.

It is contended, however, that it was thereafter made to appear by evidence that Kilpatrick was without authority from the Henryetta Oil & Gas Company to sign the obligation, and that in addition thereto the Henryetta Oil & Gas Company was in fact a partnership and he would by reason of his membership therein be liable. With these contentions we cannot agree. As was said by the Supreme Court of Oregon in the syllabus of Somers v. Hanson (Ore.) 153 Pac. 43:

"Where a copy of any writing, designated as an exhibit, or otherwise sufficiently identified in a pleading, is attached thereto, the effect of the instrument so displayed is the same as though it were incorporated in the body of the pleading.

"Where a copy of the note on which suit was based was attached to the complaint as an exhibit, allegations in the complaint as to the legal effect of the instrument are surplusage, and should be disregarded: it being the duty of the court to determine the instrument's effect from its averments.

"Defendant, who signed a note 'Hanson Bros., by Erastus Hanson,' cannot be held personally liable, it not being alleged that Hanson Bros. was a partnership of which defendant was a member, for defendant's signature was that of an agent of a disclosed principal."

In this case the plaintiff with verified petition pleaded the note, but did not allege lack of authority of Kilpatrick to execute it for the Henryetta Oil & Gas Company, or that Kilpatrick was liable as a partner thereof. She asked for judgment against the Henryetta Oil & Gas Company; thus relied upon the authority of Kilpatrick and the other trustee to execute the obligation for it. She did not ask to amend her petition and allege that lack of authority, but relied upon it in asking for judgment against the company. As was stated in Brown v. Hartford Fire Ins. Co., 108 Okla. 90, 234 Pac. 352:

"Where the testimony of a party is in conflict with his verified pleadings and no motion is made to amend the pleadings to conform to the proof, the solemn admissions in the pleadings will be treated as admitted facts and he will not be heard to question same so long as they remain a part of the record."

To the same effect is Lee v. Little, 81 Okla. 168, 197 Pac. 449; Miller v. Gregory, 132 Okla. 48, 269 Pac. 302; Home Ins. Co. v. Whitchurch, 139 Okla. 1, 281 Pac. 234.

"Where plaintiff declares upon an express contract, he must, * * * succeed or fail upon the issue which he thus tenders." King v. Stephenson, 29 Okla. 29, 116 Pac. 183.

To the same effect is Dawson v. Matlock, 136 Okla. 218, 277 Pac. 269.

"Where a petition in an action against an agent shows on its face that he was a mere agent acting for a known principal in the matter, it discloses no cause of action unless it also alleges facts which bring him within one of those classes of agents who may be sued. In the latter case the facts must be alleged, and it is not sufficient to allege generally that he is such an agent." Citizens Bank v. Beeson, 104 Okla. 293, 231 Pac. 844.

Under the provisions of section 302, C. O. S. 1921, no cause of action was alleged against Kilpatrick. There was no ground alleged upon which to found a recovery against Garnet A. Kilpatrick. Neither was there any evidence introduced by the plaintiff upon which to predicate a judgment. The cause is therefore reversed and remanded, with directions to vacate the judgment against Garnet A. Kilpatrick, sustain his demurrer to the plaintiff's evidence, and dismiss the cause.

REID, FOSTER, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 60 A. L. R. 1351; 3 R. C. L. p. 1092; Continuing Perm. Supp. p. 140. See "Agency," 2 C. J. § 734, p. 965, n. 34. "Evidence," 22 C. J. § 1570, p. 1177, n. 49. "Pleading," 49 C. J. § 123, p. 125, n. 77.