Zimmerman, J.
The essential question for our determination is, did the petition state good and sufficient causes of action against the plaintiffs in error?
This case comes within the provisions of Section 8125, General Code, being also Section 20 of the Negotiable Instruments Law, reading as follows:
“When [where] the instrument contains or a person *75 adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized. But the mere addition of words describing him as an agent, or as filling a representative ' character without disclosing his principal does not exempt him from personal liability.”
Here we have a promissory note upon which the name of Central Freightways, Inc., appears as the disclosed principal. Below the name of the principal are placed the signatures of two individuals, to which signatures are added titles indicating agency or representative capacity, and that they signed for and on behalf of the principal. At least a prima facie case of no personal liability on the part of the individual signers is thus presented. This view is supported by the syllabus of Aungst v. Creque, 72 Ohio St., 551, 74 N. E., 1073:
“A promissory note which reads: ‘Thirty days after date we promise to pay,’ etc., and signed, ‘The Akron White Sand & Stone Co., L. K. Mihills, Secy. & Treas., D. B. Aungst, Pres., ’ is, on its face, the note of the company alone, and is not the note of L. K. Mihills and D. B. Aungst, and the latter are not personally bound thereon. ’ ’
In the opinion it is said:
“But where a promissory note is signed by the proper officer of a corporation in the corporate name, and underneath the corporate name he signs his own name, affixing thereto his appropriate official title as an officer of said corporation, in the absence of anything in the body of the instrument requiring a different construction, such note will be construed and held to be the note of the corporation only, and not the note of the officer so signing, or the joint note of such officer and the corporation. This rule of interpretation rests, we think, upon sound reason, and is abundantly supported by the weight of authorities.”
*76 The rule is similarly stated in 5 Uniform Laws Ann., 126, as follows:
“Where a note is signed in the name of a corporation under which signature appears the name of an individual followed by a designation of his corporate office it has been generally held that he is not individually liable thereon, where the apparent intention is to create a corporate obligation.”
The Court of Appeals of New York interpreted Section 20 of the Negotiable Instruments Law (Section 39 of the Negotiable Instruments Law of New York, Cons. Laws, Ch. 38) in the case of New Georgia National Bank v. J. & G. Lippman, 249 N. Y., 307, 164 N. E., 108, 60 A. L. R., 1344. Action was brought upon a promissory note signed “ J. & Gr. Lippman, L. J. Lippman, Pres.” Under the Civil Practice Act of New York, judgment was asked in the alternative against the corporation, the maker of the note, or against the president personally, if in signing the note in behalf of the corporation he acted without authority. The lower courts denied a motion to dismiss the complaint as to the president personally. In affirming this order, the Court of Appeals held, as stated in 60 A. L. R., 1344:
“The provision of the Negotiable Instruments Law that, where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, carries with it a fair implication that he shall be so liable if not authorized, and enlarges the common law remedy for breach of an implied warranty against an agent signing a note without authority to permit an action against such agent on the note itself.”
Another representative case reaching the same conclusion is Pain v. Holtcamp (8th C. C. A.), 10 F. (2d), 443.
These cases appeal to us as logically sound. How *77 ever, -where it is sought to hold individuals personally liable on an instrument which they have ostensibly signed in a representative capacity for a disclosed principal, the petition should contain allegations fixing such personal liability in order to state a good and sufficient cause of action. Kilpatrick v. Plummer, 145 Okl., 117, 291 P., 501; Eisinger v. E. J. Murphy Co., 48 App., D. C., 476, 52 App., D. C., 197, 285 F., 931; Somers v. Hanson, 78 Ore., 429, 153 P., 43; Miller v. Roach, 150 Mass., 140, 22 N. E., 634, 6 L. R. A., 71; Jump v. Sparling, 218 Mass., 324, 105 N. E., 878.
In the case of Kennedy & Parsons Co. v. Lander Dairy & Produce Co., 36 Wyo., 58, 252 P., 1036, the promissory note sued on was signed “Lander Dairy & Produce Company. Board of Directors, L. L. Burch, F. M. Chapman, Herbert Jansen, J. H. Mitchell, E. M. Adams.” It was sought to hold the directors individually liable. The Wyoming court quotes Section 20 of the Negotiable Instruments Law, and then adds:
“We think the instrument sued on in this case clearly contains words indicating that the defendants in question signed for and on behalf of their principal, the Lander Dairy & Produce Company, and that their principal is disclosed, and there being no allegation that they acted without authority, they are not liable. It should be borne in mind that a corporation can act only through its authorized agents and officers, and hence the mere fact that the corporate name is followed by names of individuals should raise no presumption that such individuals were acting in their individual capacity.” (Italics ours.)
The opposite position, which we do not approve, is exemplified in Briel v. Exchange Natl. Bank, 172 Ala., 475, 55 So., 808, where a promissory note was signed “Briel Shoe Co., Fred C. Briel, Prest., J. H. Taylor, Mgr.” The court held that the note imposed, prima facie, a personal liability upon the president and manager, subject to be shifted by pleading and proof. Ad *78 herence to the same general rule is expressed in the later case of Spencer v. Blanke Mfg. & Supply Co., 220 Ala., 350, 124 So., 904.
The Briel case is sharply criticised in Brannan’s Negotiable Instruments Law (5 Ed.), page 267, where the statement appears:
“It is submitted that this decision * * * is an example of the narrow spirit in which the interpretation of the act is sometimes approached. There was no claim in the case that the signers were not authorized by the corporation. It is clear that the signers added to their signatures words, indicating that they signed in a representative capacity, and that they disclosed their principal.. If the principal had been named in the body of the instrument, no doubt the court would have held differently, but the section [Section 20, Negotiable Instruments Law] does not require this. Also, if the signers had interpolated the word ‘by’ between their names and their official designations, no doubt the court would have held differently. But the manner in which this instrument is signed is so common in the business world and so well understood to mean the same thing as if the word ‘by’ had been interpolated, that it would seem that the courts, even without the aid of sec. 20, ought to treat this as prima facie the obligation of the principal, if not conclusively so.”
Nor do we think the phrase, “I, we, or either of us promise to pay,” and similar expressions, as used in the bodies of the promissory notes in the instant case, require or warrant a different conclusion.
In Kilpatrick v. Plummer, supra, the note read, “I, we, or either of us, promise to pay,” and was signed “Garnet A. Kirkpatrick, Trustee, W. M. Plummer, Trustee. For the Henryetta Oil and Gas Co.” Kilpatrick appealed from a personal judgment against biiri. Reversing this judgment, the court remarked:
‘ ‘ This note appears to us to be clear and unambigu *79 ous. One would not contend that a note which reads ‘I, we, or either of us promise to pay,’ signed by one individual, would be ambiguous * * *.
“Here we have a contract which provides, ‘I, we, or either of us, promise to pay,’ signed by two trustees, ‘for the Henryetta Oil and Gas Co.’ What could be the meaning other than that the trustees signed the note for the Henryetta Oil & Gas Company? * * *
“There was no ground alleged upon which to found a recovery against Garnet A. Kilpatrick. Neither was there any evidence introduced by the plaintiff upon which to predicate a judgment.”
Williams v. Harris, 198 Ill., 501, 64 N. E., 988, pre- . sents a case in which a note provided “I or we promise to pay,” signed “Coleman & Ames White Lead Co. Per C. I. Williams, Sec. George J. Williams, Gen. Mcmgr.” The Supreme Court of Illinois stated in its opinion:
“We do not regard the use of the words ‘I or we,’ in the body of the note, as affecting or changing the legal import of the instrument. * * * Whether the pronoun ‘I’ or the pronoun ‘we’ is used in the body of a note, if it is signed by the corporation acting by its officer or officers it is the obligation of the corporation. * * *
“We conclude that the note, upon its face, is the note of the corporation alone.”
In Saint Joseph Valley National Bank v. Napoleon Motors Co., 230 Mich., 498, 202 N. W., 933, a guaranty read, “Full performance of seller’s obligation under this contract is individually guaranteed by the following persons,” and was signed “Napoleon Motors Co., Frank Trade, Vice-Pres., W. G. Rath, Secy.-Treas. ” It was held that this instrument was signed by the corporation alone, the signatures of the officers being essential to the completion of the corporate signature.
New England Electric Co. v. Shook, 27 Colo. App., 30, 145 P., 1002, involves a promissory note reading: *80 “I, we, (and each of us), promise to pay,” signed “The Akron Gas & Electric Co., R. A. Shook, President, H. C. Black, Secretary.” The argument of the plaintiff that Shook and Black should be held individually liable on this note is summarized by the court as follows:
“Plaintiff’s position is that the note on its face conclusively shows both Shook and Black to be personally bound for its payment; and in support of such position it contends that the phrase found in the body of the note, ‘I, we (and each of us),’ shows beyond a doubt a plurality of signers or makers, and to hold that the corporation only was liable, would be to ignore the plain meaning of the phrase, and contradict the clear intention of the parties to the note as expressed thereby. ’ ’
After admitting the existence of authority to the contrary, the court answers plaintiff’s contention in this way:
“A corporation, as such, cannot write a word or do any other physical act. When business necessity requires its name to be subscribed on paper, it can only be placed there by and through its officers or representatives. It is a custom of universal practice in the present day for those who sign the name of a corporation to any business or other document, with the intent to bind the corporation only, to append to the corporate signature their own names, or initials, with their official titles, intending thereby to characterize such signing as an act of the corporation only. Such is- the common understanding throughout the business and commercial world, and it would seem reasonable for a judicial tribunal, when called upon to interpret a note or other written document so signed, to recognize such custom and give it full force and effect. In the instant case we have no hesitancy in saying that the note, with the impression of the corporate seal, when considered as a whole, is free from ambiguity, and shows upon its face that it is the note of the corporation only; and *81 that neither Shook nor Black had any intention, in subscribing their names thereto, other than to do so as officers of the company, with the sole purpose of binding it alone to the payment thereof.”
Where the name of a corporation is signed to a note or other instrument, followed by the signatures of individuals, to which are added designations of an official character, absence of the word “by” or “per” in front of such individual signatures is without significance or importance. Aungst v. Creque, supra; New England Electric Co. v. Shook, supra.
Since the petition in this case on its face failed to state causes of action against John L. Cannon, Jr., and Lyman H. Treadway, personally, the first part of Section 11334, General Code, is without application.
The Court of Common Pleas properly sustained the separate demurrers to the petition, and properly dismissed the petition upon the declination of defendant in error to plead further. Accordingly, we reverse the judgment of the Court of Appeals and affirm that of the Court of Common Pleas.

Judgment of the Court of Appeals reversed and judgment of the Court of Common Pleas affirmed.

Allen, Stephenson, Jones, Matthias and Bevis, JJ., concur.